The opinion of the Court was drawn up by
Rice, J.
By the provisions of § 17, c. 77, R. S., cases in equity, presented on demurrer to the bill, or when prepared for final hearing, come before the law Court. This case comes up on demurrer, and is therefore legitimately in this Court. But a question has been raised as to the condition of the bill at the time of the joinder in demurrer. The respondents contend that the pleadings apply to the bill as originally filed in the Court below; while the complainants maintain that they are now applicable only to the bill in its amended form.
There seems to have been some' irregularity in the pro *273 ceedings below. Appropriately, the amendments should have been presented to the Court below, and have been distinctly acted upon by that Court. Then, in case either party had been aggrieved by such action, they should have alleged their exceptions thereto. But for reasons, the soundness of which we do not now propose to consider, the amendments, informally presented by the complainant’s solicitors, and ordered to be filed with the clerk on a day certain, were allowed by the Court below, if, in the opinion of the law Court, it was competent thus to amend; and' the question of terms was also submitted to the law Court. This appears by the report signed by the presiding Justice. Though irregular in form, for the purpose of giving progress to the bill, we treat the proceeding below as though the amendments had been allowed absolutely, and the questions of law thereon had been raised on exceptions; and, also, as though the question of terms had been reserved for the future consideration of the Court. In this way the rights of parties will he preserved.
Were, then, the amendments allowable, within the rules of practice in equity?
The first amendment, of which complaint is made, consists in striking out the name of Kennedy, as a plaintiff, and inserting it as a defendant. The bill was originally commenced by three persons, of whom Kennedy was one, in the capacity of receivers of the Shipbuilders’ Bank. It appeared that Kennedy was a stockholder in the bank and necessarily should have been made a defendant. Wiswell & al. v. Starr, 48 Maine, 401.
It will be seen that amendments to a bill are of two kinds, those which relate to parties and those which affect the substance of the bill. And amendments that relate to parties are by the addition or omission of them. There is also another class of amendments relating to parties; to wit, the changing of their situation by striking out the name of a co-complainant and making him a defendant. Amendments being regarded with reference to the furtherance of justice, *274 they are, as a general rule, in the discretion of the Court, especially in matters of mere form. 1 Barb. Chan., 206.
The name of one co-plaintiff may be stricken out and the party made a defendant, when justice will not be done without the change. 1 Dan. Chan. Prac., 457.
The next amendment, to which particular objection is made, is in the stating part of the bill, wherein the ground of the defendants’ liability is set out.
In the original bill it is alleged in substance, that, on the twenty-sixth' day of October, A. D., 1854, said bank suspended and refused payment of its bills, styled bank notes, which it had issued and by law was bound to pay, and the complainants claim that those who were stockholders on that day, or their legal representatives, are by law liable to contribute to the payment of the deficiency of the assets of said bank, to the-amount of the stock then owned by them respectively, or such portion thereof as shall be necessary to make such deficiency good.
In the bill as amended, the allegation’ of refusal to pay its bills, is made substantially as in the original bill; it also contains an allegation of deficiency, or loss of capital stock, and the insolvency of the bank by reason of the official mismanagement of the directors, before and on the 26th day of October, 1854, and of the inability of said directors to pay such loss or deficiency, by reason whereof the stockholders became liable to contribute to the payment of such loss and deficiency, to the amount of their stock.
The amended bill also alleges that, at the expiration of the charter of said bank, to wit, on the tenth day of January, A. D., 1855, that being the day on which the injunction against said bank was made perpetual, and on which receivers were appointed, there was outstanding and unpaid a large amount of the bills of the said bank, which had been issued thereby,' and for the redemption and payment of which the stockholders were by law liable to contribute, in proportion to the stock held by them respectively at the -time of the dissolution of the charter of said bank. .
*275 The substantial difference between the original and the amended bill consists in the -fact that, in the original bill, the liability claimed against the stockholders extended to the amount of their stock, but no specific ground on which that liability rested was stated. In the amended bill the ground of that liability is alleged to be the loss and deficiency in the capital stock, in consequence of the official mismanagement' of the directors, and of their inability to pay this loss or make good the deficiency.
The bill, as amended, also contains an allegation of liability on the part of the stockholders to contribute to the redemption of the bills of the bank, which were unpaid at the time of the dissolution of its charter, in proportion to the amount of stock held by them respectively at that time. The original bill contained no such allegation.
These amendments, it is contended, are inadmissible, because they introduce a new cause of action, which, if introduced would make the bill multifarious, and therefore bad on demurrer. ■
To determine whether these objections are well taken, it may be well to examine the statutes on which the liabilities of stockholders in banks are founded.
Sect. 41 of c. 77, K. S. of 1841, provides that stockholders shall be liable, to the amount of their shares, in case payment of any bill, note, check, or draft, issued by any bank and which it is liable to pay shall be delayed or refused for the term of fifteen days.
Sect. 44 provides for the liability of stockholders to the amount of their stock, to pay any loss or deficiency in the, capital stock of any bank occasioned by the official mismanagement of the directors, in case of the inability of the directors to pay such loss or deficiency. 'This liability attaches to stockholders who are such at the time of the official mismanagement of the directors.
Sect. 45 provides for the liability of stockholders for the redemption of the unpaid bills of the- bank, at the time of *276 the expiration or dissolution of its charter, in proportion to the amount of stock then held by them.
It will be perceived that the liability of stockholders under § § 41 and 44 are to the same extent, though for different causes, to wit: to the amount of the shares held by them; but under § 45 the liability is only limited by the amount of unpaid bills.
The amendment' alleging loss by the official mismanagement of the directors, as the ground of liability, is not inconsistent with the allegations in the original bill, so far as the extent of liability, or the ground of that liability is concerned, and may therefore properly be deemed a specification of that claim. A declaration so defective that it woxxld exhibit no sufficient cause of action, may be cured by an amendment without introducing any new cause of action. This is often the very purpose of the law authorizing amendments. Pullen v. Hutchinson, 25 Maine, 249. Courts of equity are even more liberal in allowing amendments than courts of law.
It is also suggested that, in this amendment, the cause of action or ground of liability is not set out with sufficient distinctness. The proposed amendment may not be as specific as could be desired. But it is not fatally defective on that ground. ■ The general obligation of liability, its extent and the grounds on which it rests, are distinctly made. This is sufficient. A general charge, or statement of the matter of fact, is sufficient, and it is not necessary to chai’ge minutely all the circumstances which may conduce to prove the general chax’ge; for these cix’cumstances are properly matters of evidence which xxeed not be chai’ged, to let them in as proofs. Story’s Eq. PI., 24; 2 Dan. Ch. Prac., 994; Wheeler v. Trotter, 3 Swanst., 174, n.
It is also contended that the stockholders cannot be held to answer to the individual creditors of the bank, xxnder the provisioxxs of § 44, axxd the case of Baker v. Atlas Bank, 9 Met., 182, is relied upon as authority upon that point. *277 The statute on which that decision was based, § 30 of c. 36, It. S. of Mass., is similar in its provisions to § 44 of c. 77, R. S., 1841. The Court, in that case, were of opinion that au individual creditor of the bank could not maintain a suit in equity against a stockholder, to recover payment of his demands against the bank, under that section of the statute, and that the liability of stockholders, under that section, could only be enforced by the bank itself, to make good any loss or deficiency in the capital stock while the bank was in operation. Without intending to question the soundness of that decision or to criticise the reasons on which it is based, it is sufficient to remark that our statute, § 46, c. 77, R. S. of 1841, and § 47 of c. 47, R. S., 1857, in express terms, gives the creditor of any hank, which may have sustained a loss or deficiency through the official mismanagement of the directors, the right to pursue his remedy directly against the stockholders, in case of the inability of the directors to pay such loss or deficiency. This provision is very broad in its terms, covering all the creditors of the bank, whether depositors, bill holders or other parties. Nor is there anything in the statute which limits this remedy to parties who were creditors at that precise moment of time when the official mismanagement of the directors occurred. Such construction would deprive the provision of its most salutary element and render it practically nugatory. The capital stock of the bank is the foundation of its credit. The public, who are its creditors, have a right to expect that that capital will be kept good by an honest administration of its affairs by the directors who are selected by the stockholders for that purpose, and it cannot justly he deemed a hardship to require that banks shall be in fact, what they are held out to be by their agents and stockholders. The provision simply requires the stockholders to make good losses arising from the official mismanagement of their agents, the directors, in case those agents are unable to respond to such losses.
It is also objected that this amendment, if made and al *278 lowed, would be wholly unavailing, foi’ the reason that it has not been ascertained that there is, or has been a loss or deficiency in the capital stock of the bank, originating in the official mismanagement of the directors, nor has the inability of the directors to pay such loss, if any, been in any manner determined. That these facts must exist, and be proved, before the liability of the Stockholders attaches, under this provision of the statute, is clearly'manifest. •
A majority of the Court are of opinion that these facts must be judicially determined as an independent preliminary proceeding, before a bill can be maintained against stockholders under the provision of the statute. This amendment is therefore denied.
The amendment based on § 45, is also objected to, on the ground that it introduces a new .cause of action. The original bill was brought by the receivers in their own names, but in behalf of the claimants of said bank, against the persons liable as stockholders thereof, to contribute to the payment of said claims. The substance of the claim is the liability of the defendants as stockholders. The specific grounds of that liability and its extent are imperfectly set forth in the original bill. It was, however, based upon the statute, and must be controlled and limited thereby. The amendment in this case seeks to make more specific and definite the ground of the defendants’ liabilities, and at the early stage of the proceedings in which the amendment was introduced, and in view of the authorities already cited, no valid objection is perceived to its allowance, on the ground that a new cause of action is thereby introduced. No answer has yet been made, and the defendants cannot be holden beyond their statute liabilities, by reason of the amendment.
But it is said that the amendment will be unavailing if allowed, for the reason that no demand is alleged to have been made for the payment of these unpaid bills, either at the bank, or its last and usual place of transacting business, as provided in § 46. The proceedings now under consider *279 ation have reference to liabilities for unpaid bills, at the expiration of the charter of the bank. That event occurred, in legal contemplation, when the injunction was made perpetual and receivers were appointed. Wiswell & al. v. Starr, 48 Maine, 401; Crease v. Babcock, 23 Pick., 334. To have demanded payment at the bank at that time, of such unpaid bills, would have been an idle ceremony. It had then been enjoined and prohibited from doing business. The amended bill alleges that these unpaid bills have, been presented to, and allowed by, the receivers. This is a substantial compliance with the statute, as the receivers are the legal representatives of the bank, and their place of official business must be deemed to be the place of business of the bank, for the purpose of presenting claims against it. The amendments, therefore, based upon the provisions of sections 45 and 46, are allowed.
No claim is made under § 41.
The legal capacity of tlje plaintiffs to prosecute this bill has also been called in question, on the ground that the board of receivers was never legally constituted; that the statute requires the appointment of three disinterested persons as receivers, and that Kennedy, being a stockholder, was not a disinterested person within the meaning of the law. The fact that Kennedy was a stockholder was not known to the Judge by whom ho was appointed, nor did the fact come to the knowledge of the Court until it was asserted in the bill now before us. But does this fact r.ender the proceedings of the receivers void? We think not.
In the case of Wiswell & al. v. Starr, already cited, the same objection existed, but was not held fatal. It does not appear, however, that the point was distinctly taken in that case, or that it received the particular attention of the Court. That case, therefore, may not be deemed conclusive or a precedent. But, on principle, the objection cannot prevail. First, for the reason, that the interest of Kennedy, if any he had, was in favor of the respondents, and not prejudicial to them. Therefore they are not in a condi *280 tion to complain. Next, his interest, whatever it might have been, so far as he has been permitted to act, was not fixed and certain, but so remote, contingent and uncertain, as not to disqualify him. He was appointed under the provisions of § 62, R. S., 1841, by a Justice of this Court, on application of the Bank Commissioners, and had no authority to proceed against the stockholders of the bank, nor to do any act by which they could be rendered liable to a personal action. He and his co-receivers were only authorized to take possession of the property and effects of the corporation, subject to such rules and orders as should be from time to time prescribed by the Court, or some Justice thereof, in vacation. As a receiver, he was an officer and representative of the Court and subject to its directions. 2 Story’s Eq., § 831; R. S., 1841, c. 77, § 62. This section of the statute does not limit the number of receivers, nor prescribe the qualifications, nor define their powers. The whole matter is within the sound discretion of the Court, and all the acts of the receivers are subject to the supervision and control of the Court.
The receivers provided for, in § 67, are to be appointed on the application of bill holders or depositors, and the succeeding sections of the Act apply to them, and not to receivers appointed under § 62, unless so prescribed by the Court. In one case, the application is to be made when, in the opinion of the Bank Commissioners, the bank is insolvent, or its condition is such as to render its further progress hazardous to the public, in which case the action contemplates the closing up of the affairs of the bank. In the other case, the application is by a bill holder or a depositor to whom payment has been refused for the space of fifteen days after demand, and the action contemplates holding the assets of the bank by the receivers until such bills or deposits have been paid, and then a surrender of the balance to the bank. The proceedings have a different origin and contemplate different results.
It was not until the passage of the Act of 1855, c. 164, *281 that receivers have any authority to proceed against stockholders ; and, under that Act, they are merely nominal parties, acting for and in behalf of the claimants against the stockholders. It was only at the institution of this bill that the official position of Kennedy became adverse to his interest as a stockholder. Until he was required to proceed under the Act of 1855, § 73, c. 47, It. S., his interest Avas not only remote, uncertain and contingent, but even that interest, as has been already remarked, was in favor of the stockholders; and, being until that time, merely a ministerial officer or servant of the Court, he was not disqualified to act as far as his duties required.
When his legal position became incompatible with his private relations, and that fact became known to the Court, it became not only a matter of right to other parties to have his position changed, but a matter of duty on the part of the Court to see that such change Avas made. By allowing the amendment, by which his name was stricken out as plaintiff and inserted as defendant, his appointment as receiver was in effect revoked. The statute, § 62, requiring no specific number of receivers, the,suit may properly proceed in the name of the remaining plaintiffs of record.
It is contended that this bill cannot be maintained against certain parties thereto, who are charged as cestuis que trust, the trustees also being parties. In the case of Grease v. Babcock, 10 Met., 525, the Court decided the trustees must be parties, and, from the language used, the implication is strong that the cestuis que trust should not -be, or need not be parties, though there was no express decision on the latter point. The general rule is, that all cestuis que trust are necessary parties to suits against the trustees, by which their rights are likely to be affected. 1 Dan. Ch. Prac., 303; Story’s Eq. PL, §§ 192, 193, 207; Helm v. Hardin, 2 B. Monroe, 231.
In the case, in this bill, in which the trustees are alleged to bo Avives holding in trust for their husbands, the application of the general rule appears to be eminently proper.
*282 The authority under the statute, .to bring this bill, is very .full. If it appears to the Court that the assets are insufficient to pay the claims against the bank, said receivers shall forthwith file their bill in equity, in their own names, ■but in behalf of the claimants, against the persons liable as stockholders' of the bank, to contribute to the payment of its debts. R. S., § 73, c. 47. The intention of the Legislature manifestly was to give the specific remedy of a bill in equity, to all parties who had claims against a bank which should be placed in the hands of receivers, and that the term debts is used as the synonym of claims in the same sentence.
This construction is the more apparent in view of the provisions of § 75, of the same chapter, wherein it is provided that no action shall be maintained against any bank after the appointment of receivers thereof, but all its creditors must seek their remedy under the provisions of the five preceding sections. Creditors, here, being used in the same sense as claimants in § 73.
In view of these considerations, we come to the conclusion that the demurrer must' be overruled, and that the question of costs, to be imposed as terms for amendment, will be reserved for the future consideration of the Court.

Demurrer overruled. —Defendants to answer.

Appleton, C. J., Kent, and Walton, JJ., concurred.
Cutting, J., concurred in overruling the demurrer.
Kent, J.
The only method by which stockholders in a bank can be reached, and their liability enforced against them, "after the appointment of receivers,” is by a bill in equity, like this, — instituted by the receivers. R. S., c. 47, § 75. Actions pending die, under the provision that "no action can be maintained.” Costs in pending actions, which thus die, may be allowed as claims against the bank.
The right and duty of receivers to commence this process is specified in § 73. Before the statute of 1855, re-enacted as above, no such provision existed. Suits and actions and *283 bills in equity could be brought only by individual creditors, c. 77, § 41 to 47, E. S., 1841. It is evident that it was the intention of the Legislature to condense into one suit, or bill, the claims of all the creditors, and to enable the receivers, representing all, to hold the stockholders to contribute to the payment of the debts of the bank, according to the legal liability imposed on them. All that seems to be required of the receivers is to bring their bill, therein alleging those facts which show a deficiency for which the stockholders are liable. This bill can be brought after it appears to the Court that the assets are insufficient to pay the claims against the bank. The question is, against whom and for what causes or liabilities can this bill be brought ? The statute answers, — "against the persons liable as stockholders of the bank to contribute to the payment of its debts,” § 73. This must mean the liability which then exists, — i. e., the liability of stockholders at the time when its charter expired. When the injunction was granted, and receivers were appointed, the charter expired, in contemplation of law. Crease v. Babcock, 23 Pick., 384; Wiswell v. Starr, 48 Maine, 401. The two grounds of liability of stockholders, at the expiration of the charter, are for all unpaid bills, and for loss or deficiency of the capital stock, arising from the official mismanagement of the directors. §§ 44, 45, c. 77, E. S., 1841. There is another liability specified in § 41, but that arises only when a special demand for payment of bills has been made, and a suit at law (not a bill in equity) has been commenced against the bank. This liability may be laid out of this case.
It seems to bo contended, that, as by § 46, authority is given to a creditor of the bank, who is a holder of any unpaid bill, to bring a bill in equity against the stockholders, if the bill has been duly presented and demanded of the bank, at its last place of business, that no bill by the receivers can be sustained without proof of such prior demand. But it is manifest that the liability for unpaid bills, at the expiration of the charier, is expressly imposed on *284 stockholders by § 45, without any limitation or qualification. In that section there is no requirement that a demand should be made. Indeed, it is little short of an absurdity to require it, in case of a failure of the bank, and after the appointment of receivers, and after the bank has been peremptorily enjoined not to pay any bills or debts. We so determined in the case of Clark v. Bank of Hallowel, recently decided.*
It is true, that according to a strict and literal construction of § 47, when a creditor himself institutes a bill, he must allege and prove such demand, however useless or absurd it may be. But the general liability of the stockholder is created by § 45, and that is distinctly stated to be for the payment of all unpaid bills, at the time of the expiration of the charter, and nothing is there said about a demand. The receivers are to institute a bill against all persons liable as stockholders, and this, whether an individual creditor or bill holder might or might not sustain such a bill. The question is, does the law impose the liability? Nothing but the most imperative language, used in" such connection with the declared liability that it could not be separated, would lead us to hold a demand necessary, when so manifestly useless, if not absurd.
It seems to me, that the stockholders are to be held for the bills, if the bill alleges and the allegations are sustained by proof of the three following propositions. First — that the charter has expired, either by limitation or by injunction, and that receivers have been appointed. Secondly- — that bills issued remain unpaid, and that there are not sufficient assets to pay them. Thirdly, — that the respondents named were stockholders within the contemplation of law at the time of the expiration of the charter.. The liability arises from these facts. The rule of apportionment and assessment by this section is declared by the statute, to be according to the number of shares held by each stockholder.
It appears, on inspection of the original bill, that the *285 above facts, necessary to charge the respondents, are substantially set forth. The rule of apportionment, or the extent of the liability, is stated to be a contribution to the amount of the stock then owned. The amendment, which simply changes the rule, and gives the one named and fixed in the statute', and recognized by the Court in Wiswell v. Starr, may well be allowed. The liability, and the grounds on which it rests, are substantially set out in the original bill. There was a mistake made in setting out the exact extent of the legal consequences of such holding of shares. The amendment introduces no new cause of action.
We are not to regard the bill with the strictness with which wc should pass upon a declaration for a gui tam penalty. The amendment comes within the rules of equity on that subject. Story’s Eq. PL, § 885. The only essential alteration is in the rule of assessment. The amendment will be made before any plea or answer to the merits is required, and cannot injuriously affect the respondents. They will have every reasonable opportunity to meet the allegations in the bill. It would be useless to dismiss this bill for this error, and to require the receivers to file a new one, on the ground of a mistake in stating the exact extent of the liability, when its nature and the grounds on which it rests are set out. It is but the common case of a good case defectively set out.
If this amendment is allowed, it covers the unpaid bills, and would seem to be sufficient to charge the stockholders to the extent of such bills remaining unpaid, but nbt for the other debts of the bank. It would seem that these bills constitute the principal part of the debts of the bank.
2. There is, however, another amendment proposed, based on the assumed liability of the stockholders for the loss or deficiency in the capital stock, occasioned by the ofiicial mismanagement of the directors. This amendment, if allowed, may cover, to. the extent of the stock owned, all the debts of the bank. In case of unpaid bills, the stockholders are hold liable to pay them all, in proportion to the stock owned by each stockholder. This may be a sum 'beyond *286 the par value of his stock. But in case of a loss of the capital stock, or its diminution, by the official mismanagement of the directors, for which the stockholders may be held responsible, the liability is limited to the amount of his stock, held at the time when the default occurred. Wiswell v. Starr.
It is manifest, that, in order' to hold a stockholder for such loss of capital stock, certain facts must first be established; to wit — that there had been a loss or deficiency in the capital stock; that- it was occasioned by the official mismanagement of the directors ; that the directors, who were guilty, and who were liable to pay the same in the first instance, were unable to pay or to make good the deficiency.
The question is, how are these facts to be determined? Can the receivers, representing the creditors, insert in the bill, they are authorized and required to bring, a claim against the stockholders, based on this section of the statute? It was decided in Massachusetts, in a case involving the construction of a section of a statute, almost identical with our § 44 of c. 73, stat. 1841, that a creditor of a bank could not sustain a bill on this ground; that the bank alone could maintain a claim against the stockholders or the directors, to make good such deficiency, in the capital stock. This decision .might be satisfactory with us, if there were no other provisions in our statute. But, as shown in the opinion of Judge Rice, there is a positive and distinct provision in § 46, authorizing "any creditor of any bank, which may have sustained a loss or deficiency of its capital stock, through the official mismanagement of its directors, * * * to pursue his remedy, and avail himself of the liabilities of its directors and stockholders, specified in the two preceding sections, by a bill in equity in the Supreme Judicial Court.” This seems to give a creditor a clear right to bring such a bill, however difficult it may be to make it practically effective. By the existing law the receivers are to bring a bill, after their appointment, in their own name, instead of creditors, but in behalf of the claimants (not merely bill holders) against’the persons liable as stockholders, to "contribute to *287 the payment of its debts” This gives an action against stockholders, but does not include directors, and covers all existing liabilities of the bank.
It is to be observed, that whilst, in case of unpaid bills, the liability is immediate and absolute, resting on the simple fact of ownership of stock, in case of deficiency of capital stock, the liability of stockholders is contingent, and dependent upon certain preliminary facts — a loss of such capital — that it was occasioned by the mismanagement of the directors, and that the directors liable are unable to pay, or to make good such loss. How can these facts be determined in a bill, in which the directors, as directors, are not parties ?
The allegation must be of culpable mismanagement' — official delinquency — involving charges which seriously affect character. It would be unjust, and contrary to the genius of our institutions, for the Court to proceed to adjudicate upon such grave matters, without notice to the persons directly implicated.
If the directors are made parties to this bill, for the purpose of trying these issues, it may be insisted that such issues can only be tried by a jury, in a court of law. It is true that the statute, before referred to, giving a right to a creditor to'bring a bill, authorizes Mm to pursue by such bill his remedy against the directors as well as stockholders. But the statute, authorizing receivers to bring a bill in equity, does not, in terms, give any right to them to bring such bill against directors.
There is another difficulty. It is clearly not enough, in order to charge the stockholders, to show a loss of capital stock, and that it was occasioned by official mismanagement of the directors. There is another fact to be established, before a stockholder is liable therefor, viz., — that the directors, who are liable, are unable to pay such loss or deficiency. Now, before it can be judicially determined, that a person is unable to pay or make good a loss, for which he is liable, the fact and the exact amount of such liability, *288 must be fixed and determined by some legal and binding judgment or decree. It may well be questioned, whether anything short of such judgment against the directors, for a sum certain, based on a decision against them individually, for official neglect and misconduct, and an execution returned unsatisfied, with proof of entire inability on the part of such judgment debtor and director, would be sufficient to charge the stockholders.
It is true, that the receivers are to institute their bill on behalf of all claimants, — i. e., of all who are creditors of the bank. But against whom is it to be brought? The statute answers; " against the persons liable as stockholders of the bank to contribute to the payment of its debts.” There is no authority given the receivers to institute a bill against the directors, for the loss of capital stock. But a creditor may bring such bill, and the provision in § 74, c. 47, R. S., 1857, that no action shall be maintained, after the appointment of receivers, against the bank, does not repeal the provision giving a creditor a right to institute process against the culpable directors, even after the appointment of receivers. Such suit would not be an action against the bank, and such actions only are prohibited or discontinued by this section of the statute. The claim or right of action, given to a creditor against a delinquent director, is not a claim against the bank, but primarily a pei’sonal liability of the director, which may be enforced against him, and, if he is able, may be collected from his property, without any action against the bank or the stockholders. But, if a creditor had instituted such proceedings in equity, before the appointment of receivers, and had obtained a judgment or decree against the directors, for a certain amount, and thereupon'had taken out an execution against them, which had been returned nulla bona, before the receivers had filed their bill, and the inability of the directors had been legally established, we see no reason why the receivers might not properly set out in their bill these facts, as grounds for the stockholders’ liability under the statute. And perhaps all *289 this might be done by the creditor, after the filing of the bill by the receivers, and an amendment to that bill might be allowed, setting forth such facts, by which the liability and inability of the directors had been established, if such amendment was made before a hearing on the merits. However this may be, it is evident that the provision in favor of creditors contemplates that the proceedings against the directors must precede any decree against the stockholders. The language is, that the creditor "may pursue his remedy, and avail himself of the liability of its directors and stockholders, by a bill in equity.” It is expressly declared, in § 76, that the Legislature did not intend to increase or diminish the liabilities of stockholders or directors by the provision authorizing receivers to bring a bill in equity. It is further provided, in the same section, that, "in assessing the amount for stockholders to pay, the Court may have reference to such liability of the directors.” What liability ? Clearly that which may be established by proof of a decree or judgment, against such directors, and of their inability to pay — as before explained. Until these points are established, the stockholders are free from liability. They are not required to answer for the directors, in the first instance, and to be at the expense and cost of a trial of those issues, which may involve great expense. A stockholder may well say, to a creditor, first establish the culpable mismanagement of the directors, by which there has been a loss of capital, and their inability, and then I will answer as to my individual liability to make good the loss. This is in accordance with the decisions, in cases whereby stockholders were held by statute for the debts of the corporations. Longley v. Little, 26 Maine, 166; Grose v. Hilt, 36 Maine, 22. The result on this point is, that the proposed amendment in relation to the directors should pot be allowed, as there is no allegation of any prior proceedings by a creditor against them.
I do not deem it necessary to discuss any other questions than those relating to the proposed amendments.

 The opinion is not in the hands of the Reporter.