### IN

# THE SUPREME COURT

### OF

## THE STATE OF MISSOURI,

#### OCTOBER TERM, 1872, AT ST. LOUIS.

---

JOSIAH RHINE, Respondent, *v.* JOHN W. MONTGOMERY, Appellant.

1. *Practice, civil — Pleading — Denial of assault and battery — Allegations of petition, not waived by plea of justification — Consistency.* — In an action for assault and battery, a positive denial of the trespass is not waived by a subsequent plea of justification in the same answer. Three defenses, amounting in substance to the pleas of "not guilty," "*son assault demesne*," and *molliter manus imposuit*, are consistent both at common law and under the statutes of this State.

*Appeal from Scotland Circuit Court.*

*Dryden & Dryden*, for appellant.

The first or negative defense, "not guilty," was not inconsistent with or nullified by the two affirmative defenses in the sense of the statute. (Lansingh v. Parker, 9 How. Pr., 288 ; Nelson v. Brodhack, 44 Mo. 596.)

*James G. Blair*, for respondent, cited Buckley v. Knapp *et al.*, 48 Mo. 152, 163–4; Allred v. Bray, 41 Mo. 484–90; Kennedy v. North Mo. R.R., 36 Mo. 351–64; Franz v. Hilter-

brand *et al.*, 45 Mo. 121–23 ; Conard v. Pacific Ins. Co., 6 Pet. 268 ; McKeon v. Citizens' Railway Co., 43 Mo. 405–7; Anderson v. Kincheloe, 30 Mo. 520 ; Beale v. Cullum, 31 Mo. 258 ; Hayden v. Smith, *id.* 566 ; Brinkmeier v. Wissmark, 36 Mo. 592 ; Hook v. Craighead, 35 Mo. 380 ; State v. Harrold, 38 Mo. 496.

ADAMS, Judge, delivered the opinion of the court.

This was an action for assault and battery. The answer sets up three separate defenses : first, a denial of the assault and battery ; second, that plaintiff made the first assault, which was repelled by the defendant in self-defense ; third, that the defendant was in his own dwelling, and the plaintiff was unlawfully there, and refused to leave, and he used sufficient force to put him out, and only such force as was necessary. The record does not show that any replication was filed to the second and third defenses.

The jury found a verdict for the plaintiff, and a motion for a new trial was made and overruled. The court, at the instance of the plaintiff, and against the objections of the defendant, gave several instructions to the jury. But we are only called upon to examine the first instruction, which reads as follows :

"The defendant's answer admits the assault and battery upon the plaintiff with all the aggravated injuries to plaintiff, as charged by plaintiff in his petition ; and unless the jury shall believe from the evidence in the cause that defendant was either excusable or justifiable in making such assault and battery, they will find for the plaintiff, and assess to him such damages against defendant as under all the circumstances they may think proper, not exceeding $2,000 ; and in estimating the damages they may take into consideration the pain, sufferings, mental anguish and wounded feelings of the plaintiff in consequence of such assault and battery."

Under the pleadings as they stand here, it is difficult to perceive upon what principle this instruction was allowed. It asserts that the plaintiff's entire case was admitted by the answer, and under it all the plaintiff was bound to do was to read his petition to the jury and rest. The court may have acted on the mistaken theory

that the positive denial of the trespass was waived by the subsequent supposed additions of the pleas of justification. Our present code of practice, like the old system of pleading, permits several consistent defenses to be set up in the same answer. The only question, therefore, is whether these defenses were consistent with each other. The three defenses amounted in substance to the old pleas of *not guilty — son assault demesne*, and *molliter manus imposuit*.

The trespass complained of is an unlawful battery. The defendant's first defense is a denial of the alleged trespass. The second and third defenses are justifications of the defendant's acts, and are in no sense express or implied admissions that they were unlawful. The three defenses are clearly consistent, both at common law and under our statute. (Nelson v. Brodhack, 44 Mo. 596 ; Lansingh v. Parker, 9 How. Pr. 288.)

But there were no replications to the new matter contained in the defendant's pleas of justification, and under our statute all material allegations of new matter not controverted by a reply are, for the purposes of the action, to be taken as true. (Wagn. Stat. 1019, § 36.) The instruction referred to erroneously assumed that the new matter had been controverted by a reply. This was obviously a mere oversight, and the replies were, no doubt, unintentionally omitted, and may be supplied at any time by permission of the court before trial.

Judgment reversed and the cause remanded. The other judges concur.