SIMON BREWSTER ET AL., Appellants, *v.* ERNEST H. STRAT-
MAN ET AL., Respondents.

### May 8, 1877.

1. A president of a corporation is a trustee, and will not be permitted to create such a relation between himself and the trust property as will make his own interest antagonistic to that of his beneficiary.

2. A president of a corporation, who has voluntarily purchased a small debt against the corporation, will be enjoined from levying an execution for the payment of a balance on the same, where he has already taken valuable property of the corporation in part payment thereof.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

FARISH & GRIFFIN, for appellants : The relation between a corporation and its president is that of *cestui que trust* and trustee. — *Single* v. *Hogan*, 45 Mo. 109 ; *McAllen* v. *Woodcock*, 60 Mo. 174. Such a president may not create such a relation between himself and the trust property as will make his interests antagonistic to that of his beneficiary. — *Kockler* v. *Black River Co.*, 2 Black, 715 ; *Covington & Lexington R. Co.* v. *Bowler's Heirs*, 2 Cent. L. J. 598.

J. P. VASTINE, for respondents.

LEWIS, P. J., delivered the opinion of the court.

Plaintiffs are the owners of fifty-seven out of eighty-five shares composing the capital stock of the Creve Cœur Mill Company, a private corporation. Defendant Stratman owns eighteen shares, and is president of the company. The property of the corporation consists of a mill, with one acre of ground, on which it stands, and a lot of personal property used in the manufacturing and business operations of the mill, the whole being subject to a mortgage of $3,000, and worth, as estimated in the testimony, about $8,000. Thomas Krum held a note for $600 against the corporation, which defendant Stratman purchased from him after its maturity, giving his own note, payable in six months, for the face value. Stratman then caused a suit

on the corporation note to be instituted in the name of the defendant Vastine, who obtained a judgment by default. Execution was issued and levied on the realty, including the mill, and Stratman purchased the whole, at sheriff's sale, for $200. The personalty was then levied upon, but its sale was restrained by a temporary injunction granted in this proceeding. The petition, setting forth these facts, substantially, prays that the judgment and execution sale be declared null and void, and that the defendants be perpetually enjoined from further enforcing the execution. The Circuit Court, upon a hearing of the pleadings and proofs, dismissed the plaintiffs' bill. This disposition of the cause was clearly erroneous.

The fiduciary position held by the president of a corporation does not admit of his speculating in either its assets or its indebtedness, for his own benefit, at the expense of the corporation. He is a trustee, and, as such, can never be permitted to create such a relation between himself and the trust property as will make his own interest necessarily and effectually antagonistic to that of his beneficiary. In *Covington and Lexington Railroad Company* v. *Bowler*, 9 Bush, 468, a director had purchased, at a judicial sale, the railroad belonging to his corporation. It was held, upon the principle just stated, that the corporation had a right to have its road surrendered to it upon placing the director in *statu quo*. In *Lingle* v. *National Insurance Company*, 45 Mo. 109, the president had purchased a judgment claim of $4,500 against his corporation, for $675. When held to individual responsibility as a stockholder for debts of the corporation, he claimed the right to set off the whole amount of the judgment as a debt due to him. But our Supreme Court held that, on account of his trust relation, he was entitled to a credit for no more than the $675 which he had actually paid. In *McAllen* v. *Woodcock*, a suit in ejectment (60 Mo. 174), it was held that where, under execution against a corporation, its

land was purchased by one who was a stockholder, and treasurer of the company, the purchase must be regarded as having been made for the benefit of the association, and that the title thus acquired could not be considered as hostile thereto.

The rule is too well recognized to admit of question. There is no escaping the conclusion that the defendant Stratman holds the property acquired by his purchase as a trustee for the corporation of which he was president, and that his only absolute right concerning it is that of reimbursement for his necessary outlay. It was alleged in his behalf that he purchased with the consent of the other stockholders and directors, and also that he notified them beforehand of the impending judgment. The first allegation is not sustained by the proofs. The last is immaterial for any purpose, unless to neutralize an inference of moral fraud.

The protection of the rights of stockholders in corporations, against the improper action of other stockholders or of the officers of the company, is said to be a favorite branch of equity jurisdiction by injunction. The present opportunity for its application is of unquestionable fitness. It is shown that to sell the personal property levied upon would be to deprive the mill of its necessary adjuncts for fulfilling the purposes of the incorporation. The stockholder plaintiffs would thus be seriously damaged in their rights and interests by the action of one who, as their fellow-stockholder and president, is charged with a preservative trust, and who yet, as the voluntary purchaser of a debt, and holder of an execution, may deliberately sacrifice them and the trust together. Considering him as a trustee in the acquisition of a large, valuable property for the partial payment of a comparatively insignificant indebtedness, it would be inequitable to let him sweep away all that remains of the assets, by way of further security for the unpaid balance.

The rights of all concerned can never be properly adjusted without an introduction of the corporation itself as a

party to the proceeding. An appropriate disposition of the cause might then follow in a decree declaring the defendant Stratman, as to the property purchased, a trustee for the corporation; the taking of an account between Stratman and the corporation, to ascertain the amount, if any, due to him as holder of the judgment; and a revesting of the title to the real estate in the corporation, upon its payment to him of the sum found to be due. In any event, upon the case made by the record before us, the defendants should be enjoined as to any further proceedings under the existing levy. This, however, is not because, as plaintiffs assume, the judgment should be declared void. For all that appears in the record, Stratman's judgment, in which Vastine appears as nominal plaintiff merely, is valid, and cannot now be annulled. That plaintiffs were entitled, not to the relief prayed for, but to a different relief, upon the case made, was no ground for a dismissal of their bill.

The judgment will be reversed, and the cause remanded for further proceedings in accordance with this opinion. Judge HAYDEN concurs; Judge BAKEWELL not sitting.