The Chouteau Insurance Company v̇. Floyd.

THE CHOUTEAU INSURANCE COMPANY v. FLOYD, *Appellant.*

1. **Corporation**: STOCKHOLDER'S LIABILITY: ASSESSMENT. A stockholder in a corporation, when sued for an assessment upon his subscription, will not be allowed to dispute the necessity of the assessment.

2. ————: DISCONTINUING BUSINESS: ASSESSMENT. The adoption by a corporation of a resolution to discontinue business does not operate a dissolution, or deprive the corporation of the power to enforce assessments upon stock by action against the stockholders.

3. ————: MISREPRESENTATIONS TO INDUCE STOCK SUBSCRIPTIONS. It seems that a stockholder cannot defeat an assessment by showing that he subscribed for his stock in reliance upon representations of an agent of the corporation that certain persons in whom he had confidence were stockholders, when they were not *bona fide* stockholders.

4. ————: STOCKHOLDER'S LIABILITY. The directors of a corporation cannot release a subscriber for stock from his liability as such.

5. ————: ————. A stockholder cannot defeat an assessment by showing that the directors have compromised and paid all the debts of the corporation with their own money.

*Appeal from Buchanan Circuit Court.*—HON. JOS. P. GRUBB, Judge.

AFFIRMED.

*Doniphan & Reed* and *Pike & Pike* for appellant.

1. The officers of plaintiff could not make themselves creditors of the plaintiff corporation by voluntary payment of the corporate debts. If they, being also stockholders, paid at all, it was upon their obligation to do so as stockholders. 11 Am. Law Reg., 530; *Blanchard v. Association,* 59 Me. 202; *Anderson v. Blattau,* 43 Mo. 42; *Kritzer v. Woodson,* 19 Mo. 327. Neither could they speculate in the liabilities of the company; any advantageous purchase made by them is, as between them and the company and the other stockholders, a compromise and payment of the claim, as though made by the company. Ang. & Am. on Corp., § 312; *Lingle v. Ins. Co.,* 45 Mo. 109; *Newbery*

*v. Garland,* 31 Barb. 121 ; *Koehler v. Iron Co.,* 2 Black 715 ; *Robinson v. Smith,* 3 Paige 222.

2. This being so, the liabilities for which this assessment is made, having been purchased, paid, or in some way settled by those who were jointly and primarily liable therefor, the corporate liabilities were thereby extinguished, and the stockholders paying must resort to the principle of contribution, and enforce their rights in actions by themselves, and cannot make use of this defunct corporation to effect their reimbursement. Ang. & Am. on Corp., § 618 ; *Thayer v. Tool Co.,* 4 Gray 75 ; *Peirce v. Partridge,* 3 Met. 44 ; *Hull v. Sherwood,* 59 Mo. 172, and cases cited. The company being insolvent, and existing only for the purpose of winding up its affairs, could not, itself, pursue the original mode of making calls upon stockholders. *Henry v. R. R. Co.,* 17 Ohio 191. It had determined to dissolve, settle its affairs, and go out of existence. Ceasing to pursue its chartered purposes, its relation to its stockholders changed, and the right of arbitrary assessment ceased.

*Wells & Frame* for respondent.

In this action no advantage can be taken of the fact that plaintiff has ceased to take new business and is winding up. 65 Mo. 279.; 57 Mo. 446; 2 Kent Com., 311, 312; Ang. & Am. on Corp., §§ 773, 777 ; *Trustees v. Hill,* 6 Cow. 23. The question as to whether or not there was a necessity for the assessment now sued on, cannot be raised by defendant. That matter must be ascertained by the directors of plaintiff alone. 4 Ind. 333; *Union Locks and Canals v. Towne,* 1 N. H. 44; *Middlesex T. Co. v. Swan,* 10 Mass. 384. It is no defense to say that plaintiff's directors or officers had released certain stockholders from liabilities on stock. Any such agreement to release is null and void, and such stockholders might still be sued for amount of assessments due and unpaid on stock subscription notwith-

standing the release.  *Dorman v. Jacksonville, etc.,  Co.*, 7
Fla. 265 ; *Swartout v. Michigan, etc., R. R. Co.*, 24 Mich.
404 ; *Bedford R. R. Co. v. Bowser*, 48 Pa. St. 35 ; *Mann v.
Crook*, 20 Conn. 178 ; *Brouwer v. Hill*, 1 Sandf. Sup. Ct.
629 ; *Mann v. Pentz*, 2 Sandf. Ch. 259.  It is no defense to
say that claims against plaintiff were compromised for less
than the amount due.   The compromises enure to the ben-
efit of all stockholders.   *Lingle v. Hogan*, 45 Mo. 109 ;
*Brewster v. Stratman*, 4 Mo. App. 41.  It was proper and
legal for the officers of plaintiff to settle claims against
plaintiff and then, in the name of plaintiff, compel the
other stockholders to pay their dues.   *St. Louis, etc., Asso.,
v. Augustin*, 2 Mo. App. 123.  Defendant cannot, under the
facts of this case, claim a discharge from liability on the
ground that he was imposed on by the fraud and misrep-
resentations of plaintiff's agent as to subscriptions by
others.   (1) Because defendant could have ascertained the
truth or falsity of the alleged representation by the exer-
cise of ordinary vigilance, and having neglected to do so,
he is guilty of laches and cannot protect himself now.   2
Kent Com , 486 ; Parsons on Contracts, 781.   (2) Because
all persons who subscribe for the purpose of influencing
others by their subscription, all who pretend to be only
colorable or fictitious subscribers, are in law held as real
subscribers, and can be held to carry out their subscrip-
tions to the letter.   *Conn., etc., R. R. Co. v. Bailey*, 24 Vt.
476 ; *Pickering v. Templeton*, 2 Mo. App. 424.   (3) Because
even if there had been fraud and misrepresentation in ob-
taining defendant's subscription, his silence when he dis-
covered it, and his payment of the assessment of October
18th, 1871, is a waiver of the alleged fraud and an acqui-
escence in the validity of the subscription.   *Kansas City
Hotel Co. v. Hunt*, 57 Mo. 126.   (4) Because each subscrip-
tion is an independent contract, and one having no legal
right to depend on another.   *Blodgett v. Morrill*, 20 Vt.
509.   (5) Because even if he were influenced, in the man-
ner stated, to subscribe, such alleged fraud or misrepresen-

tation does not make the contract void. It is only voidable. Defendant never elected to disaffirm the subscription. His answer admits him to be still a stockholder. It is too late to repudiate now after long acquiescence, and when the plaintiff is asking defendant for his quota to enable it to pay its debts. *Veazie v. Williams*, 3 Story 629; *Herrin v. Libby*, 36 Me. 350; *Wheaton v. Baker*, 14 Barb. 597; *Munn v. Worrall*, 16 Barb. 228; *Masson v. Bovet*, 1 Denio 69; *Barton v. Simmons*, 14 Ind. 49; *Wilbur v. Flood*, 16 Mich. 45; *Dynes v. Shaffer*, 19 Ind. 165; *Pearsal v. Chapin*, 8 Wright 9 (44 Pa. St.;) *Negley v. Lindsay*, 67 Pa. St. 217.

HENRY, J.—In August, 1870, the defendant subscribed for fifteen shares of the capital stock of plaintiff, at the par value of $100, and then paid $21 on each share of said stock, and to secure the balance, $1,185, executed his note payable to plaintiff, " on calls, or installments, as provided in the charter or by-laws, or under resolution of the board of directors of said company." On the 18th of October, under a resolution of the board of directors, a call was made for payment of twenty-five per cent upon the capital stock of said corporation. This, on defendant's stock, amounted to $315, which he paid on the 29th of January, 1874. By resolution of the board an assessment was again made of twenty-five per cent upon the capital stock, which defendant refused to pay, and this suit was instituted by the plaintiff to recover the same.

The answer alleged that by a resolution of the board adopted on the 3rd of November, 1871, the said plaintiff determined that thereafter it would do no more business, nor take any more risks, and would pay up its existing liabilities as soon as possible; and that, at that date, its assets exceeded its liabilities, and that there was no necessity for the assessment last made upon the stock. For further defense, it is alleged that when defendant's subscription for the stock in question was made, the agent of plaintiff who procured it, exhibited to defendant a list of

subscribers for stock, some of whom were persons in whose judgment defendant had confidence, and relying upon the representation of said agent that such persons had subscribed for stock, was thereby induced to subscribe for the stock in question; that said persons were not *bona fide* subscribers for stock. Another defense alleged was, that at the date of said last assessment there were no unpaid debts of said corporation; that certain officers and directors of plaintiff, for their private gain had, prior to that time, settled and compromised said debts, and paid all claims against the corporation without the knowledge or consent of the stockholders. For further defense it is alleged that the directors, without the consent of the other stockholders, released certain of the subscribers for stock from liability therefor.

There was a trial and judgment for plaintiff, from which defendant has appealed.

First, as to the necessity for the assessment. This was a matter for the determination of the board of directors.

1. CORPORATION: stockholder's liability: assessment. As was well observed by the supreme court of Indiana, in *Judah v. The American Live Stock Association*, 4 Ind. 333: " If every stockholder in an insurance company like that in question, might be allowed to dispute the necessity of every assessment upon his stock, the right of those insured to obtain a speedy reimbursement of losses, would be ' placed too much at hazard."

The resolution by which the corporation determined to cease to do business, did not amount to a dissolution, or

2. ——: discontinuing business: assessment. deprive the corporation of its right of action. *Kansas City Hotel Co. v. Sauer*, 65 Mo. 279 ; *State National Bank v. Robidoux*, 57 Mo. 446. But whether such a defense is admissible or not, the evidence on that issue, we think, disproved the allegation that the assets of the corporation exceeded its liabilities.

With respect to the second of the above defenses, if one subscribe for the capital stock of a corporation, under

3. ——: misrepresentation to induce stock subscription. a parol promise by the agent who procures the subscription that the subscriber shall not be called upon to pay for the stock or respond to any assessment made upon it, he is nevertheless bound, and such promise or agreement offers no defense to a suit on an assessment. Angell & Ames on Corp, § 53.

It is equally well settled in this State and elsewhere, that a release, by the directors of a corporation of a stock-subscriber from his liability on such subscription is of no avail, and that he remains bound for the amount of such subscription as to the other stockholders and creditors of the corporation. *Gill v. Balis,* 72 Mo. 432. In *Upton v. Tribilcock,* 91 U. S. 45, the Supreme Court of the United States observed, Hunt, J. delivering its opinion : " Equally unsound is the opinion that the obligation of a subscriber to pay his subscription may be released or surrendered to him by the trustees of the company. This has often been attempted, but never successfully. The capital paid in, and promised to be paid in, is a fund which the trustees cannot squander. They are bound to call in what is unpaid, and carefully husband it when received."

4. ——: stockholder's liability.

That the directors and other officers compromised and paid the liabilities of the corporation at less than their amount, and thus extinguished its debts and liabilities, is no defense to this action. If they paid them at a discount, the corporation is entitled against such officers to whatever profit was made by such a transaction. The officers of a corporation cannot speculate on its liabilities. They are trustees, and the stockholders *cestuis que trust.* And to any profit made by them in the purchase or payment of the debts of the corporation, the stockholders are entitled. Angell & Ames on Corp., § 312 : *Lingle v. Nat'l Ins. Co.,* 45 Mo. 109. Public policy, we think, demands that the conduct of directors and other officers of a corporation which has not in its treasury money to pay its liabilities, in satisfying such demands out of their private means,

5. ——: ——.

should be sanctioned, and not treated as bad faith towards the stockholders, releasing them from their liability to pay for their stock. Especially should this be so since they are not permitted to make any profit for themselves by such conduct. It is a duty of the directors to provide for the payment of the liabilities of the corporation, and they are entitled to commendation rather than deserving censure, if, of their own means, they pay its debts, when its treasury is depleted. The judgment is affirmed. All concur.