W. K. PATRICK, Appellant, *v.* BOONVILLE GAS LIGHT COMPANY, Respondent.

### April 21, 1885.

1. PLEADING—INCONSISTENT DEFENCES—Defences which are of such a character that a proof of one is not a disproof of the other, are not inconsistent.

2. An answer in an action on a promissory note, which pleads *non est*

*factum,* want of consideration, and payment, does not set up inconsistent defences.

3. NEW TRIAL—SURPRISE.—A failure of the defendant to put on the witness stand certain witnesses summoned by the plaintiff can not be claimed by the plaintiff as a surprise.

4. PLEADING—PROMISSORY NOTES—NON EST FACTUM—UNVERIFIED DENIALS.—An unverified answer denying the execution of the promissory note sued on, which note purports to have been made by a business corporation, is a confession of its execution.

5. PAYMENT.—In an action against a corporation upon its promissory note there can be no recovery upon a petition which states that the note was paid by the president out of his own funds and then assigned to the plaintiff.

6. CORPORATIONS—TRUSTEES.—A president of a corporation, who purchases dishonored debentures of the corporation, holds them *prima facie* as trustee of the corporation and can give no greater right to one who purchases from him than he himself has.

APPEAL from the St. Louis Circuit Court, ADAMS, J. *Affirmed.*

JAMES P. DAWSON, for the appellant: A director in a corporation has a right to deal with such corporation in any way that a stranger may—*St. Louis* v. *Alexander*, 23 Mo. 527 ; *Kitchen* v. *R. R.*, 69 Mo. 243 ; *Foster* v. *Mullanphy Planing Mill Co.*, 16 Mo. App. 150 ; *Buell* v. *Buckingham*, 16 Iowa 284; *Burbank* v. *West Walker Ditch Co.*, 13 Nev. 431 ; *Smith* v. *Skeary*, 47 Conn. 54 ; *Whitwell* v. *Wareer*, 20 Vt. 444; *Gordon* v. *Preston*, 1 Watts 387 ; *Twin Lick Oil Co.* v. *Marburg*, 1 Otto 587. The president of such company has the right with his own funds to purchase notes and drafts of the company maturing, and when he does so, *he succeeds to all the rights of the holders.*—*Merrick* v. *Peru Coal Co.*, 61 Ill. 473 ; *Same case*, 4 American Corp. Cases, 364, 365 ; *Harts* v. *Brown*, 77 Ill. 226 ; *Bank* v. *Wasson*, 48 Iowa 336.

DRAFFEN & WILLIAMS, for the respondent: The president of a corporation holds such a fiduciary relation to it that he cannot speculate in its debts for his own benefit. When Heath paid the debts (if he ever did), and took them up, if they were valid obligations of the defendant, he held them as trustee for the corpora-

tion, of which he was president.   Holding them in trust, he could not re-issue them to one with notice of the relation in which he held them.—*Lingle* v. *National Insurance Co.*, 45 Mo. 109 ; *Hall* v.   *Vorhis*, 45 Mo. 555 ; *Brewster* v.  *Stratman*, 4 Mo. App. Rep. 41 ; *Choteau Insurance Co.* v. *Floyd*, 74  Mo. 286-291 ; *Choteau* v. *Allen*, 70 Mo. 338.   The plaintiff was not entitled to a new trial on the ground of "surprise."   "Surprise, in its legal acceptation, denotes an unforeseen disappointment in some reasonable expectation, against which ordinary prudence would not have afforded protection."   "If the surprise was owing to the least want of diligence the applicant will be without excuse, and his motion will be denied."—*Fretwell* v. *Lafoon*, 77 Mo. 26 ; *Peers* v. *Davis, Adm'r*, 29 Mo. 184 ; *Richardson* v. *Farmer*, 36 Mo. 35 ; *Carter* v. *Prior*, 8 App. Rep. 576.

Rombauer, J., delivered the opinion of the court.

Plaintiff claiming to be the assignee, by indorsement in the year 1883, of three promissory notes, alleged to be executed by the defendant corporation in the years 1873 and 1874, and all maturing before the expiration of the year 1875, instituted suit thereon in September, 1883, against the corporation.

Plaintiff in his petition claimed to have derived title to the notes through one Heath, and the answer, among other things, sets up in defence the fact that Heath was the president of the corporation and its chief managing officer when the notes came into his possession, and that when they came into his possession he held them as trustee for the corporation and had no power nor authority to re-issue them.   The answer also in general terms pleaded *non est factum*, a denial of the assignment to plaintiff, want of consideration, and payment.   The answer was not verified.   Plaintiff's reply controverted the allegations of the answer in general terms.

Upon the trial of the cause by the court sitting as a jury there was a verdict and judgment for the defendant.

The errors complained of by plaintiff here are, that the

court refused at the trial, although requested so to do by plaintiff, to compel defendant to elect between its defences ; that the court gave erroneous declarations of law asked by defendant; and that the plaintiff was surprised, and the court should have sustained his motion for new trial on the ground of surprise.   We shall dispose of the first and third of these objections before considering the the second, which is the only one raising questions entitled to a serious and careful consideration.

The defences were not inconsistent.   Defences are held to be inconsistent under our statute only when they are of such character that the proof of one necessarily disproves the other.—*Nelson* v. *Brodhack*, 44 Mo. 599 ; *Rhine* v. *Montgomery*, 50 Mo. 566.

Nor is there any merit in plaintiff's claim of surprise. The alleged surprise consisted of the fact that plaintiff expected that defendant would put certain witnesses summoned by plaintiff on the witness stand, which defendant failed to do.   The witnesses were present in court and could have been examined by plaintiff, if their testimony was material.   Either their testimony was essential to establish plaintiff's claim or to rebut the case made by defendant, and if so they could have been examined by plaintiff.   Or their testimony was not needed for either purpose, and then the failure to examine them was immaterial because the defence must fail on other grounds.   "Surprise, in its legal acceptation, denotes an unforeseen disappointment against which ordinary prudence would not have afforded protection."—Gra. & Wat. New Tr. 398; *Peers* v. *Davis*, 29 Mo. 184.   No such surprise can be claimed here.   Upon the trial of the cause the plaintiff gave in evidence the notes sued on without proving their execution (which were admitted against defendant's objections).   Plaintiff also proved by Heath the signature of Heath and other endorsers upon the notes.   On cross-examination Heath stated that at the time he acquired these notes he was president of the corporation and the owner of almost its entire stock, and that the payees of two of the notes were directors.

Defendant claims that upon this showing it was entitled to a verdict, because the execution of the notes had not been proven. This claim upon that ground cannot be sustained as the unverified answer confessed the execution of the notes.—Rev. Stat, 1879, sect. 3653; *Lafayette Bank* v. *Stoneware Co.*, 2 Mo. App. 301; *same case*, 4 Mo. App. 278. Defendant relies on the case of *Carpenter* v. *Inhabitants of Lathrop* (51 Mo. 498), where it is said *arguendo*, that the execution of bonds is not admitted, although not denied under oath, where they purport to have been signed by an agent. This is correct when applied to cases, as it was 'in that instance, where the power of the agent thus to bind his principal, depends on special facts limiting his agency. But the rule can have no application to cases where the agency is conclusively presumed by law. The notes mentioned in the second and third counts of plaintiff's petition purport to have been executed by the Boonville Gaslight Company, a manufacturing corporation, authorized as such to execute negotiable paper in this form, and if it claimed that the paper sued on was not its obligation, it should have denied its execution under oath.

This point made might have some force, when confined to the notes sued on in the first count. The body of that note does not mention the corporation, and the signature, Wm. Heath, Pres. Boonville Gas Co., is perhaps *prima facie* that of Heath and not of the corporation.—*Barker* v. *Ins. Co.*, 3 Wend. 94; *Fitch* v. *Lawton*, 6 How. (Miss.) 37. This, however, is immaterial, as the plaintiff in our opinion must fail on that count on more substantial grounds.

The first count distinctly states that the note sued on therein was paid by Heath. It is true it stated that Heath paid it out of his own funds upon presentation. His so doing may have given him a claim against the corporation for money paid to its use, but could not give continued vitality to the note.—*Greenabaum* v. *Elliot*, 60 Mo. 29; *Burr* v. *Smith*, 21 Barb. 262.

We believe therefore that there could be no recovery

by plaintiff on the first count under the allegations of his own petition, regardless of other considerations hereinafter stated.

The testimony above detailed being all the evidence offered on part of plaintiff, the defendant called C. F. Aehle, who testified that he was treasurerof the defendant company from 1874 to 1880, and a director of the company from 1876 to 1880; that he had general superintendence of the finances of the company; that he never heard of the notes mentioned in the second and third counts of plaintiff's petition until the institution of the suit; that he had no knowledge of any occasion for issuing them, or of any consideration that could have passed to the company for them. That a number of dividends had been declared and paid by the company since the date of the notes on the understanding that all the debts of the company were paid. That some of these dividends were paid to Heath, who never claimed that the company was indebted to him in any amount. That Heath parted with all his stock in 1876. Defendant also called one Sombart, who testified that he succeeded Aehle as treasurer, and was then the treasurer of the company. That he never heard of these notes until after suit was brought. That Heath sold out all his stock in July, 1876, and neither he nor plaintiff ever claimed that the company owed them or either of them anything. This testimony was not rebutted.

The court thereupon at the instance of defendant gave the following instruction against plaintiff's objections:

"*Fourth.*—If the court shall find from the evidence, that W. H. Heath purchased the notes, sued upon, while he was president of the defendant, and its chief managing officer, and had the same assigned to him while he occupied that relation to the corporation, then he was in no position to speculate in its debts, and the purchase, by him, was in trust for the corporation and he could not re-issue said notes; but could only recover from the corporation the amount paid for said notes, by an action for money laid out and expended for the use of the cor-

poration ; and the plaintiff cannot recover in this action."

"*Fifth.*—If the court shall find, from the evidence, that W. H. Heath purchased the notes sued upon, while he was president of the defendant corporation, and its chief managing officer, then he can only recover from the corporation the amount paid by him for said notes, and he could transfer no greater right to the plaintiff ; and there being no evidence as to the amount so paid, the finding must be for the defendant."

Upon a careful examination of the law we have come to the conclusion that under the peculiar facts appearing in this case, these declarations of law were justified. There are cases which deny the power of directors to contract with the corporation of which they are members altogether, deciding that the director is a trustee in a strict sense, and the corporation the beneficiary.—*Railway Co.* v. *Poor*, 50 Me. 277 ; *Davis* v. *Mining Co.*, 55 Cal. 359. There are other cases which treat purchases made by directors or other agents of the company as effecting an extiguishment of the original claim, relegating the purchaser to his action against the corporation for money paid to its use.—*Hill* v. *Frazier*, 22 Pa. St. 320. Others again, while recognizing the fiduciary relation, uphold such contracts as *prima facie* valid, but voidable upon any reasonable showing of unfairness or fraud.— *Oil Co.* v. *Marburg*, 91 U. S. 587 ; *Farmers' Bank* v. *Wasson*, 48 Iowa 341 ; *Hart* v. *Brown*, 77 Ill. 231 ; *Kitchen* v. *Railroad Company*, 69 Mo. 254. But with the exception of *Merrick* v. *Coal Co.* (61 Ill. 478), we have been referred to no case which even by inference goes to the extent that the president and managing officers of a corporation may contract with the corporation, or buy its debentures with the same effect as a stranger. If the decision in that case justly bears that interpretation we must dissent from it.

There is nothing in the law statutory or adjudged, in this state, which prevents any officer of a corporation from contracting *sub modo* with the corporation, or from

becoming the holder of its obligations, but that he may do so with the same effect as a stranger has been uniformly denied.—*Lingle* v. *Hogan*, 45 Mo. 110 ; *Chouteau* v. *Allen*, 70 Mo. 338 ; *Chouteau Ins. Co.* v. *Floyd*, 74 Mo. 291; *Brewster* v. *Stratman*, 4 Mo. App. 41; *Bent* v. *Priest*, 10 Mo. App. 543. The fiduciary relation in which he stands to the corporation has always been recognized to that extent, at least, that all such transactions are subjected to the closest scrutiny as to their character, consideration, and good faith.

A just deduction from the decided cases is this : A managing officer of a corporation may make a valid contract with the corporation, provided he deals openly with other agents of the corporation who have full power to act in the premises. Contracts thus entered into are presumptively valid, but when questioned by proceedings in equity will be jealously scrutinized and set aside upon any reasonable appearance of unfairness or fraud. When however, such officer acquires any outstanding claim against the corporation from third parties, in which transaction the corporation is not represented, the burden of proof in the first instance is upon him to show that the claim is valid and that the transaction was not of a character making him chargeable as trustee of the corporation. We are inclined to hold that such is the rule even in regard to negotiable debentures acquired by such officer before maturity, when sought to be enforced by himself against the corporation; but we are clear that such is, and ought to be the rule in regard to unnegotiable claims against the corporation and debentures which have been dishonored. In the latter event it is immaterial whether the claim is sought to be enforced by the officer himself, or by some third party claiming title under him, as the assignee of the claim, or endorsee of the dishonored paper, can acquire no greater right than the officer had. Whether in the case last put the debenture of the corporation must be considered as paid, and the officer or those claiming under him necessarily relegated to their claim against the corpora-

tion for money paid to its use, will depend on the relations of the officer to the corporation at the time when the debenture is acquired by him.

It is therefore evident upon the facts appearing in this case, the *prima facie* presumption of validity and consideration attaching to commercial paper was not sufficient to entitle plaintiff to recover, and that it was incumbent upon him to show by proof *aliunde*, that the claim was valid, and that his assignor was not chargeable in its acquisition as trustee of the corporation. Not only has he failed to do this, but when the defendant offered proof tending to show that he was so chargeable, and tending to show an entire want of consideration in the issue of these notes, he failed to rebut such proof in any manner.

We are of opinion, as above stated, that the declarations of law made by the court, taking all the facts into consideration, were not subject to any just criticism. But were it even otherwise, it could not avail the plaintiff in this case, as under the pleadings and evidence he was not entitled to recover.

All the judges concurring, the judgment is affirmed.