The Grier Commission Co. v. Dockstader.

---

THE GRIER COMMISSION COMPANY, Respondent, v. K. DOCKSTADER, Appellant.

St. Louis Court of Appeals, November 24, 1891.

Pleading: INCONSISTENT DEFENSES: PREJUDICIAL ERROR. Two separate defenses are not inconsistent within the meaning of the statute prohibiting inconsistent defenses, if both may be true; and it is prejudical error to compel a defendant to elect between two defenses upon the ground that they are inconsistent, when they are not so.

*Appeal from the St. Louis City Circuit Court.*—HON.
DANIEL D. FISHER, Judge.

REVERSED AND REMANDED.

*Mills & Flitcraft,* for appellant.

*G. M. Stewart,* for respondent.

ROMBAUER, P. J.—The main question arising on
this appeal is the correctness of the ruling of the court
in compelling defendant to elect between two defenses,
set up in his answer. The petition seeks to recover a
balance claimed to be due plaintiff from the defendant
on an account for goods purchased and for goods sold
to him and for him. The answer contains, *first,* a gen-
eral denial; *second,* the affirmative defense that the
balance sued for is the result of wagering contracts in
grain, known as options and futures, which are prohib-
ited by law; *third,* that the plaintiff, as defendant's
agent in these transactions, disobeyed the orders and
directions of the defendant, and, owing to such diso-
bedience, caused a loss to the defendant nearly equal in
amount to the entire balance now claimed.

Upon the trial of the cause, the court compelled the
defendant to elect between the second and third
defenses, and ruled out all evidence offered by the
defendant in support of his third defense, and defend-
ant thereupon excepted and still excepts.

It was decided in *Nelson v. Brodhack,* 44 Mo. 596,
that the plaintiff's right under the statute to have the
defendant's answer contain consistent defenses only is
sufficiently secured, if the consistency required be one
of fact only, and if two or more defenses are held to be
inconsistent only when the proof of one necessarily dis-
proves the other. The statements are not inconsistent if
both *may be true.* The rule thus plainly stated has ever
since been a rule of pleading in this state. *Rhine v.*

*Montgomery*, 50 Mo. 566 ; *Musser v. Adler*, 86 Mo. 445 ; *Ledbetter v. Ledbetter*, 88 Mo. 60 ; *Cohn v. Lehman*, 93 Mo. 574 ; *Patrick v. Gaslight Co.*, 17 Mo. App. 462 ; *Lee v. Dodd*, 20 Mo. App. 271 ; *State to use v. Samuels*, 28 Mo. App. 649. Applying this rule to pleadings in the case at bar, it is evident that the action of the court was erroneous, as the defendant was entitled to show, if he could, both that the transactions were illegal, and that the plaintiff had disobeyed his instructions, as both might have been true. This is prejudicial error for which the judgment must be reversed. *Keane v. Kyne*, 2 Mo. App. 317.

As the respondent has filed no brief, we do not feel called upon to discuss in detail other errors complained of. The plaintiff's case was not put to the jury on the theory of an account stated, nor is there anything in plaintiff's petition which confines it to that issue as the defendant assumes. The apparent contradiction between the plaintiff's second instruction and the fifth instruction given on behalf of the defendant arises from the fact that they apply to a different state of facts, and the hypothetical state of facts to which they respectively apply should be more clearly stated upon a retrial. The first applies to defendant's rights as a broker, and the last to his rights as a principal, should the jury find him to have been such in the transactions between the defendant and himself. As the cause upon a retrial will necessarily present other features on the evidence, we would only embarrass the trial court by commenting upon its rulings on the evidence. With the concurrence of all the judges, the judgment is reversed, and the cause remanded.