GEORGE W. HOUSTON, Plaintiff in Error, *v.* WILLIAM LANE,
Defendant in Error.

1. *Practice — Pleading — Answer.* — Such parts of an answer as present no
defence to the matter charged in the petition may be stricken out upon mo-
tion.
2. *Practice—Instructions—Exceptions.*—To enable the Supreme Court to decide
upon the propriety of instructions given and refused, the evidence must be
preserved in the bill of exceptions. Exceptions to instructions must be ta-
ken at the trial, and not upon a motion for a new trial.
3. *Slander—Pleading.*—An answer to a petition in a suit for slanderous words
spoken in relation to a particular matter, alleged that the charge made was
true, and added that the words spoken were intended to apply not only to
the particular matter charged, but to other matters also specifically set forth
and justified. *Held,* that so much of the answer as applied to matters not
charged in the petition should have been stricken out as presenting no de-
fence.

*Error to Putnam Circuit Court.*

*H. M. & A. H. Vories,* for plaintiff in error.

The court below erred in overruling plaintiff's motion to
strike out part of defendant's answer. The justification at-
tempted to be set up to the third count in the petition was
bad, and ought to have been stricken out on plaintiff's motion.
The plea or answer should neither be broader nor narrower
in its allegations than the petition attempted to be answer-
ed; if it is so, it is bad, and should be stricken out. In this
case, the charge as alleged in the petition is one larceny,
and the justification is of another, and is otherwise evasive.
—Swan v. Berry, 3 Blackf. 298; Starkie on Slander, 333 ;
Stillwell v. Baxter, 19 Wend. 487; Terry v. Field, 10 Vt. 353.

*Hall & Oliver,* and *Shanklin,* for defendant in error.

The court below committed no error in refusing to sus-
tain the motion to strike out certain parts of the answer.
The answer is in the nature of a confession and avoidance,
and the part of the answer complained of is properly set up
in the answer by way of avoidance or justification of the
speaking of the words complained of. Motion to strike out
was not the proper remedy, but a demurrer was the remedy.

FAGG, Judge, delivered the opinion of the court.

Upon an inspection of the record in this case, it is apparent that the judgment of the court below must be reversed. It is an action for slanderous words spoken by the defendant, and is brought to this court from the Circuit Court of Putnam county by writ of error. The petition contains three counts, the first two of which charge the defendant with speaking certain false and slanderous words of and concerning the plaintiff, by which it was intended to impute to plaintiff the crime of perjury. The third is as follows:

"3. Plaintiff further states that on or about the 15th day of July, 1865, at Putnam county, Missouri, in a conversation with divers good citizens of said county respecting certain timbers which he (the defendant) accused the plaintiff with stealing, the meaning whereof was well understood by those present and hearing the same spoken and published of and concerning the said plaintiff the following false, scandalous, and defamatory words, to-wit, 'he (meaning plaintiff) has lied and stole'; meaning thereby, as was well understood by those hearing the same, to charge the plaintiff with committing the crime of larceny; whereby plaintiff says he is damaged," &c.

It is admitted by the answer that the defendant did speak the words as charged in the first two counts of the petition, coupled with the averment that the same were true as spoken. The same reply is made to the charge contained in the third count, with this addition, that the words so spoken did not refer exclusively to the timber mentioned in the petition, but were intended to include several other larcenies committed at various times by the plaintiff. The answer then proceeds to charge that the plaintiff did, on or about a certain time stated, steal and carry away certain goods and chattels, the property of the defendant, to-wit, "one well bucket and rope attached thereto, of the value of three dollars, and one spade of the value of two dollars." It further avers in this connection, that plaintiff had in like manner stolen and carried off a quantity of rails of the value of fifty

dollars, and had also seized from a certain building planks and boards of the value of twenty dollars, and had feloniously stolen and carried away the same.

A motion was filed by the plaintiff asking that so much of the answer as referred to the commission of larcenies other than the one mentioned in the petition be stricken out. This was overruled by the court, and being excepted to by the plaintiff, it presents the first question for consideration here.

It is insisted by the counsel for the defendant in error, that the motion to strike out was not the proper method of reaching the objection to the answer, and that it could only have been done by demurrer. An examination of the former decisions of this court leaves no room for controversy on that point.

In the case of Phillips v. Evans et al., 38 Mo. 305, it was held in conformity with the opinion there cited, as the settled practice of this State, that an answer which sets up no legal defence may be stricken out on motion. In reviewing the action of the court below upon this point, it is only necessary to settle the question as to whether the portion of the answer designated by the motion did set up any legal defence to the action or not. The averment in the petition is that the false and slanderous words spoken were in reference to *certain timbers* which the defendant accused the plaintiff of stealing. The answer not only admits this, and justifies their publication upon the ground that they were true, but it undertakes to do something more. It says that they were not intended to apply exclusively to that larceny, but that plaintiff had at various other times committed larcenies, all of which are set out in full, and alleges that the intention of the defendant at the time of speaking the words charged was to embrace them all. No argument is necessary to show that all that part of the answer which attempts to do something more than to meet the issue tendered by the petition, constitutes no legal defence to the action.

The admission and justification of the defendant constituted a full reply to the plaintiff's allegations, and it is all

that the law required to be done, and we think the court erred in refusing to sustain the motion.

It is also assigned for error that improper instructions were given for the defendant; but this point cannot be considered, for the reason that only a small portion of the evidence in the cause is preserved in the bill of exceptions. The declarations of law must be hypothecated upon the facts proved at the trial, and their propriety or impropriety can only be determined by an examination of the testimony. In this connection, it may be well enough to say that no exceptions to the ruling of the court as to the instructions in the case seem to have been taken at the proper time. In the case of Randolph v. Alsey, 8 Mo. 656, this court held that "it is no exception to instructions to move for a new trial, where the instructions are then first said to be wrong. Exceptions to the opinion of the court must be taken in the progress of the trial, not after the trial." This court has uniformly held this opinion to be correct in all the cases that have since been determined by it, and must continue to insist upon it.

The other judges concurring, the judgment of the court below will be reversed and the cause remanded..