OF

## THE STATE OF MISSOURI

AT THE

### OCTOBER TERM, 1885.

*(Continued from Volume 86).*

---

PAXON, *Administrator, Plaintiff in Error,* v. TAL-
MAGE.

1. **Corporation**: STOCKHOLDER, WHEN EXECUTION MAY ISSUE AGAINST: STATUTE. Under Revised Statutes, section 736, where execution has issued against a corporation and been returned *nulla bona,* the judgment creditor may, upon order of the court in which the suit was instituted, made upon motion in open court, after sufficient notice; have execution issued against any stockholder to the extent of the amount of such stockholder's unpaid balance on his stock.

2. ——: ——: ——. The proceeding authorized by Revised Statutes, section 736, is not an original one, but supplemental to a prior proceeding in the same court which resulted in a judgment against the corporation followed by a barren execution.

3. ——: PLEADING : PRACTICE. A petition in a cause which does not ask for judgment against defendant as a stockholder, but only for an order for execution against him on the basis of a judgment already obtained against his corporation in another court, can only be treated as a motion for an order for an execution under Revised Statutes, section 736, and must fail because not filed in the court where the judgment was obtained.

[13]

4. PLEADING : PRACTICE : DEMURRER. A motion to strike out portions of the answer is properly treated as a demurrer, and as such relating back to the petition and questioning its sufficiency, for any substantial error or defect which would render a verdict nugatory if founded upon it.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Smith & Harrison* for appellant.

(1) The errors in the petition which would be reached by a motion to strike out parts of the answer, when treated as a demurrer, must be such as a plea to the merits cannot waive or verdict cure. Bliss on Code Pleading, 417, 423 ; 1 Chitty's. Pleading; 668 and notes. No such errors appear in the petition. It is good as a motion for execution. (2) The petition was good as an original suit. R. S., sec. 745. It stated facts sufficient to constitute a cause of action and a finding and judgment based upon it would have been good. *State Sav. Ass'n v. Kelley,* 52 Mo. 587, 590 ; Thompson on Stockholders, secs. 320, 321 ; *Paine v. Stewart,* 33 Conn. 516, 531 ; *Keplor v. Lademan,* 11 Mo. App. 550 ; *Lionberger v. Broadway Sav. Bk.,* 10 Mo. App. 499. (3) There is no statute whereby a cause can be revived where death occurs between the rendition of the final judgment and the suing out of the writ of error. The statutes all relate to causes spending at the time of the death. (4) A motion for new trial is not necessary in cases like this.

*Thos. Metcalfe* and *Thos. J. Portis* for respondent.

(1) No suggestion of Turner's death was ever made of record, and there has never been any revivor of the case on the part of his administrator, and without this

he cannot prosecute this writ of error, and it should be dismissed. *Childers v. Gaza,* 1 Mo. 399. (2) The grounds of the motion for a new trial are not set forth, and do not appear in the record and bill of exceptions. *Rotchford v. Creamer,* 65 Mo. 48; *Stevenson v. Saline Co.,* 65 Mo. 425; *Collins et al. v. Barding,* 65 Mo. 496. (3) An original action cannot be changed by amendment so as to become a motion for an execution against a stockholder under our statute. (4) A motion for an execution against a stockholder of a corporation cannot be maintained as an independent, original action; it is incidental to and must be filed in the action in which the party obtains his judgment against the corporation.

SHERWOOD, J.—Under the provisions of section 736, Revised Statutes, where execution has issued against a corporation and been returned *nulla bona,* then it is competent for the creditor to have execution issued against any stockholder to the extent of the amount of such stockholder's unpaid balance on his stock. This section, however, contains the express proviso that no execution shall issue against a stockholder except upon an order of the court in which the suit shall have been instituted, made upon motion in open court, after sufficient notice, etc. It is thus readily apparent that the proceeding authorized by this section is not an *original* but a *supplemental* one; merely auxiliary to a former proceeding in the same court, which proceeding has resulted in a judgment in that court against the corporation, followed by the issuance of a barren execution.

The amended petition in this cause does not ask for judgment against the defendant as a stockholder, but only for an order for execution against him, and that on the basis of the judgment already rendered against his corporation in another court. This being the case, it is quite obvious that the amended petition can only be

treated as a motion for an order for an execution under the section mentioned. And since that petition is not filed in the court where the judgment was obtained it can but result that the plaintiff must fail by reason of not having followed the provisions of the statute in such case made and provided.

The circuit court was, therefore, correct in so holding and it was correct also when the plaintiff filed his motion to strike out certain portions of defendant's answer, in treating that motion as a demurrer, and in ruling that, as such, it reached back and questioned the sufficiency of plaintiff's petition. This was the rule at common law. 1 Chitty's Plead. 668. A rule that still prevails even under the code, since it is not a technical one, but necessarily incident to every system and which may be successfully invoked whenever the court is advised by demurrer or motion of any substantial error or defect in a pleading, such an one as would render a verdict nugatory if founded upon it. Bliss on Code Plead., section 417.

For these reasons the judgment of the court of appeals affirming that of the circuit court is hereby affirmed. All concur.