THE STATE to the use of ANDREW COOLEY, Administrator, Respondent, v. JOHN T. SAMUELS *et al.,* Appellants.

St. Louis Court of Appeals, January 31, 1888.

1. ACTION—UNAVAILING DEFENCES.—It is no defence to an action against a constable for an improper levy and sale, that the defendant in execution was fraudulently disposing of the property. Failure to file a bond for costs, when required, may be ground for a motion to dismiss, but constitutes no defence against the action. An allegation in an answer that the widow and children of a deceased person ought to be made parties, is properly stricken out, when there is no averment that the decedent left a widow or children.

2. PLEADING—EXHIBIT FILED WITH PETITION.—An exhibit filed with a petition is no part of the petition, and cannot be made such by any statement to that effect in the petition.

3. —— General Denial.—When the answer contains a general denial, there can be no implied admission of any fact stated in the petition.

4. —— Consistent Defences.—Defences that may all be proved without disproving any, are not inconsistent.

Appeal from the Cape Girardeau Court of Common Pleas, Hon. Robert L. Wilson, Judge.

*Reversed and remanded.*

R. B. Oliver, for the appellants : The court erred in striking out the third, fourth, and fifth counts of defendants' answer. Rev. Stat., secs. 985, 3519, 2, 105, 107 ; *Shockley v. Fischer,* 21 Mo. App. 551 ; *Gamble v. Johnson,* 9 Mo. 605. The defences are consistent. *State ex rel. v. Stark,* 10 Mo. App. 591 ; *Wood v. Hilbish,* 23 Mo. App. 389 ; *Patrick v. Gas Light Co.,* 17 Mo. App. 462. The sixth count is in the nature of a general denial, and it required the plaintiff to prove every allegation in his petition. *Rhine v. Montgomery,* 50 Mo. 566 ; *Sturdevant v. Rehard,* 60 Mo. 152 ; *Ledbetter v. Ledbetter,* 88 Mo. 60 ; *Hoffman v. Perry,* 23 Mo. App. 20. Conceding, for the moment, that the court was right in so construing defendants' answer, we insist that it erred in refusing our repeated offers to amend, *instanter. Carr v. Moss,* 87 Mo. 447. The court erred in not permitting defendants to show by plaintiff himself that Horn did not own the goods that he claimed the defendants seized and sold. The answer is that he seized and sold goods that were liable for the purchase price. The court ought to have given the instruction at the close of plaintiff's evidence. *Hurd v. Railroad,* 89 Mo. 607 ; *Morgan v. Durfee,* 69 Mo. 469 ; *Speak v. Ely, Walker & Co.,* 22 Mo. App. 122. The court ought to have given the instructions prayed for by defendants. *Rosencrans v. Railroad,* 83 Mo. 678 ; *Nichols v. Winfrey,* 79 Mo. 544, 551 ; *Dowling v. Allen & Co.,* 88 Mo. 293.

ROMBAUER, J., delivered the opinion of the court.

This action is one upon a constable's official bond, against him and his sureties, to recover damages caused by his wrongful act in selling under execution property of the plaintiff's decedent, which was exempt from seizure and sale on execution.

The breaches assigned are, the wrongful seizure and sale of the property claimed to be thus exempt, and the wrongful disregard of the defendant constable's official duties in failing to apprise the decedent of his exemptions. A schedule of the property claimed to have been thus seized and sold is attached to the petition as exhibit A.

The defendants' answer purports to set up six defences :

(1) Denies that the property levied on was exempt from execution.

(2) Asserts that the property was seized and sold on executions issued upon judgments recovered against the decedent for the purchase price of the property sold.

(3) Asserts that the defendant, at the date of the seizure, was fraudulently selling and disposing of said property.

(4) Asserts that neither the plaintiff, nor any one for him, has filed a bond for costs in this case with a solvent surety.

(5) Asserts that, at the death of the decedent, he did not own any more property, including the amount herein sued for, than was given by law to his widow and minor children as their absolute property, and that, under the statute, such widow and children are the proper and necessary parties to whose use this suit should be prosecuted, "and that said Cooley, as administrator of said Horn, is not a proper or necessary party."

(6) Pleads the general issue.

The third, fourth, and fifth pleas were stricken out

on plaintiff's motion. On the three other pleas issue was taken by reply.

The trial resulted in a verdict and judgment for plaintiff for substantial damages, and the defendants appeal.

There was no error in striking out the third, fourth, and fifth pleas. The third sets up no defence whatever. The fourth states facts upon which a motion to dismiss might have been based, but which are no defence to the action either in bar or in abatement. The fifth, regardless of other considerations, was bad because it failed to state that the decedent left surviving him any widow or minor children.

Upon the trial of the cause the defendants offered to prove that the defendant constable did not levy upon and sell the articles mentioned and described in exhibit A., and also offered to prove that the articles mentioned in exhibit A. were neither owned nor in the possession of the plaintiff's decedent. This proof was objected to by the plaintiff, on the ground " that the defendants' answer admitted possession, ownership, and sale of the items in said exhibit A.," and the objection was sustained and the defendants excepted.

The defendants then moved the court to allow them to amend their answer *instanter*, so as to deny the possession and ownership of said goods by Horn, at the date of the levy and sale of the goods, if the court construed the answer as admitting such facts, which motion and request the court overruled, and the defendants excepted.

This action of the court was clearly erroneous. The exhibit was not part of the petition, and could not be made such by any statement in the petition to that effect. *Kern v. Ins. Co.*, 40 Mo. 19, 25, and cases cited. This is true even of an instrument forming the basis of an action, and executed by the adverse party, and *a fortiori* of a mere memorandum made by the plaintiff himself, as this exhibit purported to be. The mere recital in the answer that the property levied on was not

exempt from execution, and that the property was levied on under executions issued upon judgments obtained for its purchase price, can, by no ingenuity, be tortured into an express admission that the property was the same as described in exhibit A., while no implied admission could arise in the case under defendants' sixth plea, which was the general issue.

The defences are not inconsistent. *Nelson v. Brodhack,* 44 Mo. 596; *Rhine v. Montgomery,* 50 Mo. 566; *Sturdevant v. Rehard,* 60 Mo. 152; *Ledbetter v. Ledbetter,* 88 Mo. 60; *Patrick v. Gas Light Co.,* 17 Mo. App. 462.

This error of itself necessitates a reversal of the judgment.

In view of a probable retrial of the cause we make the following additional observations. The plaintiff's legal capacity to sue is admitted by the pleadings, as this objection has not been raised in the manner prescribed by statute. Rev. Stat., sec. 3519.

That portion of the testimony of Richard A. Webber which refers to the identity of the goods levied on with those for the purchase price of which judgment was recovered against the plaintiff's decedent, was improperly excluded. Instructions should not refer the jury to pleadings or papers filed with pleadings, but to the evidence before them. This observation is particularly applicable to instructions numbered eight and ten given for plaintiff. Instructions for either party should be so framed as not to exclude from the consideration of the jury the evidence of the opposing party. The plaintiff's measure of damages, if he shows himself entitled to recover, is the market value of the goods wrongfully sold, at the date and place of seizure, with legal interest from date of conversion to date of trial.

Judgment reversed and cause remanded. All the judges concur.