MAYO S. KEATOR v. HELFENSTEIN PARK REALTY COMPANY, Appellant.

Division One, December 23, 1910.

1. PLEADING: Specific Performance: Description of Land: Exhibit. An exhibit attached to the petition, even though it be a copy of the contract sued on in specific performance, or the contract itself, is no part of the pleading; and if the petition with sufficient accuracy describes the land it cannot be held that it fails to state a cause of action in that respect, even though the description in the contract sued on and attached may be insufficient.

2. SPECIFIC PERFORMANCE: Sufficient Description of Land in Contract. That is certain which may be made certain. The land need not be so fully and accurately described in the contract to sell that it can be identified from a mere reading of the paper; it is sufficient if it affords the means whereby the identification may be made perfect and certain by parol evidence.

2. ———: ———: Extension of Street Line. A contract which describes the north line of the lot as "the westerly extension of the south line of Oak street, yet to be surveyed," contains a sufficiently accurate description of the north line of the lot to

authorize the court to decree specific performance. The words "yet to be surveyed" refer to the north line of the lot; and the contention that a "westerly extension of the south line of Oak street may vary at any angle within ninety degrees, curved or straight, and still be literally in a westerly direction," cannot be approved, for if the south line of the street is straight its extension must be straight.

Appeal from St. Louis County Circuit Court.—*Hon. Jno. W. McElhinney*, Judge.

AFFIRMED.

*Edwin W. Mills* for appellant.

(1) Errors on the face of the record will be reviewed though there is no bill of exceptions. Tower v. Moore, 52 Mo. 118; State v. Griffith, 63 Mo. 545; Ryan v. Growney, 125 Mo. 474. The question whether the petition states a cause of action may be raised the first time on appeal and need not be saved by a bill of exceptions. Sheehan v. Simms, 28 Mo. App. 64. (2) Equity requires, as preliminary to specifically enforcing an agreement, that its terms shall be certain. Butler v. Murphy, 106 Mo. App. 287; Story's Eq. Jur., secs. 723, 736, 751; Fry, Spec. Perf., 133; Mastin v. Halley, 61 Mo. 196; Underwood v. Underwood, 48 Mo. 527.

*Byron F. Babbitt* for respondent.

(1) The description of the premises in controversy is sufficiently definite and certain to authorize a decree for specific performance, and the petition therefore states a good cause of action. Black v. Crother, 74 Mo. App. 480; Philipp v. Swank, 120 Pa. St. 76; Smith v. Wilson, 160 Mo. 657; Sailor v. Gilfillan, 73 Mo. App. 152; Springer v. Kleinsorge, 83 Mo. 152. (2) The westerly extension of the line previously known to be by record a straight line with a fixed bearing east and west, must and can only be a straight westerly extension or production, or prolongation in the same direc-

tion of the said line.   Mayor v. Quachita Parish, 47 La.
Ann. 1061; In re Charlotte Street, 23 Pa. St. 286; Seat-
tle v. State, 7 Wash. 150.

VALLIANT, J.—This is a suit for the specific
performance of a contract for the sale of land.   Defend-
ant filed a demurrer to the petition, which was over-
ruled, and then filed its answer, a general denial.   The
cause came on for trial, which resulted in a judgment
for the defendant, dismissing the plaintiff's petition.
Plaintiff filed a motion for new trial, which the court
sustained, and from the order sustaining the motion
for a new trial the defendant has appealed.

There is no bill of exceptions in the record and we
therefore do not know what the evidence was or what
were the proceedings at the trial.   But the defendant
insists that the plaintiff's petition does not state facts
constituting a cause of action, and for that reason on
the face of the record the judgment should have been
for the defendant.   The petition is in due form, it
states the terms of the contract, which was in writing,
and all other facts necessary to make out a case for
specific performance, if it sufficiently describes the
land.   The only point on which appellant relies to sus-
tain its demurrer to the petition is the alleged in-
sufficient description of the land.   That description is
as follows: "A certain lot, tract, or parcel of land
situated in Webster Groves, in the county of St. Louis,
State of Missouri, bounded and described as follows:
An unimproved lot on the north side of the Missouri
Pacific Railroad, bounded on the north by the westerly
continuation in a straight line of the south line of Oak
street, bounded on the east by a line one hundred and
forty-nine feet and two inches, more or less, in a wes-
terly direction from and parallel to the western boun-
dary line of lot thirty-two in Oak Groves addition, as
per the plat of said addition now recorded and on file
in Plat Book No. 1, at page 106, in the office of the re-

corder of deeds, in St. Louis county, bounded on the south by the right of way of the Missouri Pacific Railroad, and bounded on the west by a line one hundred feet in a westerly direction from and parallel to the eastern boundary aforesaid, said lot having a width of one hundred feet by a depth of two hundred sixty-four and nine-hundredths feet, more or less, on the east side, and three hundred five and thirty-four hundredths feet, more or less, on the west side, a plat or drawing of said lot being hereto attached and marked 'Exhibit A.' ''

The petition pleads the contract by its legal effect, as is proper, and then says a copy thereof "is hereto attached and marked 'Exhibit B.' '' In that exhibit the description is as follows: "Lot to be located by survey, said lot being on top of hill north of the Missouri Pacific tracks in Webster Groves, Mo., bounded on the north by the westerly extension of the south line of Oak street, yet to be surveyed; on the south by the right of way and parallel to the Missouri Pacific Railroad; on the east by land now owned, or occupied by Mr. Flummerfelt, yet to be surveyed; and on the west by a line 100 feet west of the east boundary line.''

We do not understand that appellant contends that the description of the land in the body of the petition is not sufficient, but does contend that the description given in the contract sued on, which is filed as an exhibit, is not sufficient. The specific point on which appellant relies is in what is alleged to be the uncertain location of the north boundary line of the lot, to-wit: "Said lot . . . bounded on the north by the westerly extension of the south line of Oak street, yet to be surveyed.'' Appellant in its brief says: "The south line of Oak street might, as far as this attempted agreement was concerned, have been run in any direction, curved or straight, within an angle of ninety degrees, and still be literally in a westerly direction.''

The case is here on the record proper, and the question is, is the description in the petition sufficient?

An exhibit is no part of the pleading. [Pomeroy v. Fullerton, 113 Mo. 440.] The statute requires the written instrument on which the suit is based to be filed with the petition, but it is not to be considered in determining the sufficiency of the pleading. [Bowling v. McFarland, 38 Mo. 465; Phillips v. Evans, 64 Mo. 17; Joy v. Manion, 28 Mo. App. 55.] In the petition this north line is described as "the westerly continuation in a straight line of the south line of Oak street," and, after describing the other lines, it proceeds, "as per the plat of said addition now recorded and on file in Plat Book No. 1 at page 106 in the office of the recorder of deeds in St. Louis county bounded," etc., etc., and the dimensions of the lot are stated by feet, inches and fraction of inches. So that any one competent to survey land could, with the description and public records there referred to, with certainty locate the land. [Springer v. Kleinsorge, 83 Mo. 152; Black v. Crowther, 74 Mo. App. 480.] In the last named case ELLISON, J., said: "The rule may be stated thus: The land need not be fully and actually described in the paper so as to be identified from a mere reading of the paper. But the writing must afford the means whereby the identification may be made perfect and certain by parol evidence." That is the correct rule and applied to this case it makes not only the description in the petition, but that in the exhibit also, sufficient.

Having said that the exhibit is no part of the petition, and that the description in the petition is sufficient, it is perhaps unnecessary to express an opinion as to the sufficiency of the description in the exhibit, but since the cause is to go back to be tried again and since counsel on both sides have discussed the case as if the exhibit was to be taken as part of the petition we deem it better to consider, also, appellant's proposition that the description in the exhibit is not sufficient to justify the court in decreeing a specific performance. The line alleged to be uncertain is thus described in the exhibit:

"the westerly extension of the south line of Oak street, yet to be surveyed." That means that this north line which is to be an extension westerly of the south line of Oak street is yet to be surveyed. Counsel argue that the extension of the south line of Oak street westerly may vary north or south at any angle within ninety degrees and still conform to the direction called for. If the extension were drawn with such an angle it would not be an extension of the south line of Oak street. If that line is straight the extension must be straight. Therefore the south line of Oak street being given, and that being a public street in the town of Webster Groves, the exhibit gives a surveyor all the information he requires to enable him to survey the route and mark the north boundary line of this lot. That is all that the law requires. *Id certum est quod certum reddi potest.* When the cause comes on for trial again evidence of a survey and plat founded on the data given in the contract will be competent, and if with that evidence the chancellor finds the description given in the petition substantially correct, it will be sufficient.

The judgment is affirmed. All concur.