ARTHUR SCOTT, RESPONDENT, v. VINCENNES BRIDGE COMPANY, A CORPORATION, APPELLANT.

St. Louis Court of Appeals.     Opinion filed November 8, 1927.

2.—Same—Same—Same—Same—Facts Constituting Violation Must be Stated. Not only must the statute of another State which is relied upon as giving, conferring, or constituting a cause of action or a defense, be substantially stated with such distinctness that the court may judge its effect, but the facts which constitute its violation must also be stated.

3.—Evidence—Statutes of Another State—Judicial Notice. While the courts take judicial notice of their own laws, they cannot take judicial notice of the existence of statutes in other States or countries.

4.—Pleading—Answer—Statutes of Another State—Pleaded by Name—Insufficient—Motion to Strike Out. A paragraph of an answer attempting to plead the statute of another State as a defense by merely alleging that the other State enacted a statute known as "the Indiana Workmen's Compensation Act," making but general reference to said act and not attempting to state the law specifically, held insufficient to plead the statute as against a motion to strike out such paragraph, inasmuch as the statute of another State must be substantially stated with such distinctness that the court may judge its effect.

5.—Same—Same—Same—Same—Exhibits—Attached to Answer—Motion to Strike Out—Effective. An exhibit consisting of a copy of an act of another State attached to an answer is not so far a part of the paragraph of the answer setting up such defense so as to save the paragraph from being insufficient on motion to strike it out even though the paragraph of the answer stated that a copy of the act and each and every section thereof was made a part of the plea the same as if specifically pleaded therein.

---

*Corpus Juris-Cyc. References: Evidence, 23CJ, p. 131, n. 10; Pleading, 31Cyc, p. 115, n. 41; p. 560, n. 4; Statutes, 36Cyc, p. 1241, n. 86; p. 1242, n. 90.

Appeal from the Circuit Court of St. Louis County.—Hon. G. A. Wurdeman, Judge.

AFFIRMED.

*Seymour Riddle* and *Ralph & Baxter* for appellant.

·(1) Contract of employment made in Indiana is subject to the provisions of the State Compensation Act. Employer and employee shall be presumed to have accepted the provisions of the act. Section 2, Workmen's Compensation Act of Indiana. (2) The acceptance of the provisions of the Workmen's Compensation Act by either employer or employee is optional and not compulsory. Section 4, Workmen's Compensation Act of Indiana; Hagenbeck v. Leppert, 117 N. E. Rep. 531. (3) The compensation act within its ambit excludes actions at common law for damages. Section 6, Workmen's Compensation Act of Indiana. (4) The compensation act is extra-territorial in its operations and is binding alike on employer and employee, although the injury may have occurred in another State. Section 20, Workmen's Compensation Act of Indiana; Hagenbeck v. Leppert, 117 N. E. 531; Rogers v. Rogers, 70 Ind. App. 659. (5) Where a compensation act provides for optional and not compulsory acceptance it has extra-territorial operation. This has the support of the great weight of opinion in those states where the question has been raised. Hagenbeck v. Leppert, supra; Rogers v. Rogers, supra; Rounsaville v. Railroad, 87 New Jersey Law 371; Crane v. Leonard, 214 Mich. 218; Pierce v. Bekins Co., 185 Iowa, 1346; Barnhart v. Steel Co., 227 N. Y. 531; Holmes v. Steel Co., 186 N. Y. App. 645; Gooding v. Ott, 77 West Virginia —; Casualty Co. v. Court, 140 Minn. 427; Stansbury v. Stove Co., 183 N. W. 977; McCarty v. District Court, 141 Minn. 61; Anderson v. Iron Co., 35 A. L. R. 1413. Crystallized public sentiment in Missouri finds expression in its compensation act enacted by the General Assembly of 1927, wherein the Missouri Workmen's Compensation Act is given extra-territorial operation. Sec. 12, page 498, Laws 1927.

*John T. Manning* and *E. McD. Stevens* for respondent.

*James T. Roberts,* of Counsel.

(1) As the evidence in this case shows that the contract of employment between appellant and respondent was made in Oklahoma, and the work was performed in Missouri, the Indiana Compensation Law can have no application. (2) The matter set up as a defense in paragraph two was properly stricken out. A careful reading of this paragraph two of the answer discloses that while it undertakes to invoke the Indiana Workmen's Compensation Act, it does not set up any part of that act in the answer nor does it set up in the answer anything to show in what manner the act applied to plaintiff's case, but merely refers to the act in most general terms, and then

undertakes to file the act as defendant's Exhibit "B" to the petition. This method of pleading is open to the objections. (a) That a foreign law must be pleaded and enough of it set forth to show its application to the issues involved in the case, and at the trial of the case the foreign law properly authenticated is then offered in evidence. McDonald v. Bankers, etc., 154 Mo. 618; Lee v. Mo. Pac. Ry. Co., 195 Mo. 400; Gibson v. C. & G. W. Ry. Co., 225 Mo. 473; State National Bank v. Levy, 141 Mo. App. 228; Bonddurant v. Brotherhood, 199 S. W. 424. (b) There is not enough of the act set up in the answer to enable us to see its application, and its application could only be determined by reading the Exhibit in connection with paragraph two. The general rule is that an Exhibit attached to a petition is not such a part of the petition as to save it from being bad on demurrer, even though, if the petition were aided or eked out by the contents of the Exhibit it would be good against demurrer. This is true even though the petition states the exhibit is made a part of the petition. State ex rel. Fenn v. McQuillin, 256 Mo. 693. (c) The Indiana Workmen's Compensation Act can have no application to the case at bar even though it was found that the contract was made in Indiana. Mitchell v. St. L. S. & R. Co., 215 S. W. 506.

BECKER, J.—Plaintiff obtained a verdict for $2500 against the defendant company in his action for damages for personal injuries alleged to have been sustained whilst in the employ of said defendant. From the resulting judgment defendant appeals.

The sole question before us for review in this appeal is the correctness of the trial court's ruling in sustaining plaintiff's motion to strike out the second paragraph of defendant's answer, wherein the defendant attempts to set up the Indiana Workmen's Compensation Act, and the employment of plaintiff in the State of Indiana under the provisions of such Act, as a bar to plaintiff's action in the State of Missouri.

Plaintiff's petition alleges that he was employed as engineer and roustabout by the defendant bridge company in the construction of a bridge across the Meramec River in St. Louis county near the town of Fenton, Missouri; that on the 6th day of July, 1925, he was injured while in the discharge of his duties. The petition contains four assignments of negligence.

The answer of the defendant contains four paragraphs: The first, a general denial; the third, an allegation of contributory negligence; the fourth, a plea of assumption of risk on the part of the plaintiff; and the second paragraph is in effect a special plea to the jurisdiction of the court to hear and determine the cause and avers that the defendant, Vincennes Bridge Company is a corporation organized and existing under the laws of Indiana, with

its principal place of business in the city of Vincennes; that it is engaged in manufacturing and fabricating steel bridges and erecting bridges throughout the State of Indiana and in other States within the United States; that, at the time of the action and injuries set out and complained of in plaintiff's petition, said defendant had been conducting its work and operating under a statute of the State of Indiana, duly enacted by the General Assembly of said State, known and cited as "The Indiana Workmen's Compensation Act," which said statute was at that time in force in the State of Indiana, and the answer then states that a copy of said Act is filed with the answer and marked "Defendant's Exhibit A" and that the Act and each and every section thereof is "hereby made a part of the plea," the same as if specifically pleaded therein, and avers further that the provisions of said Act apply to defendant and to plaintiff because at the time of the alleged injuries set out and complained of in plaintiff's petition, the plaintiff was in the employ of defendant, and that said acts and injuries arose out of and in the course of said employment; and the said contract of employment by and between the plaintiff and defendant was made and entered into at the principal office of the said defendant at the city of Vincennes, in the State of Indiana, and that said employment at said time was for the purpose and with the understanding by and between each of them, that the plaintiff should go from said State of Indiana to the town of Fenton, in the State of Missouri, as an employee of the defendant, in the construction of the bridge, at which place the plaintiff's injuries are alleged to have occurred. Said second paragraph of the answer contains the further averments that immediately after the injury complained of, the Vincennes Bridge Company made a report to the Industrial Board of the State of Indiana of said accident and injury, and immediately thereafter requested the plaintiff to enter into an agreement on form No. 12, provided by the Industrial Board of the State of Indiana, and that at the end of each week thereafter, for the period of four or five weeks, it offered and tendered to the plaintiff herein, compensation checks in payment of compensation as provided by said Workmen's Compensation Law. Said paragraph two of said answer avers further that the said Industrial Board of the State of Indiana has acquired sole and exclusive jurisdiction of all the matters and things alleged in the petition of plaintiff, and that the Circuit Court of St. Louis County, Missouri, in which said cause was pending and tried, had no jurisdiction, and prayed that said cause be dismissed.

Defendant having filed its answer, plaintiff thereupon filed his motion to strike out paragraph two of the answer (which undertakes to set up as a defense to his action the Indiana Workmen's

Compensation Act) on the ground that the matters and things therein attempted to be set up do not constitute a defense to the cause of action stated in plaintiff's petition.

Plaintiff's motion to strike out being sustained the issues were joined by plaintiff filing a reply, and the case proceeded to trial, resulting in a favorable verdict for plaintiff.

The defendant on this appeal has abandoned all points excepting the action of the trial court in striking out the second paragraph of its answer.

We have carefully examined said paragraph two of defendant's answer and have come to the conclusion that the motion to strike out was well ruled.

Plaintiff's motion to strike out is aimed at an entire defense and may be properly stated as in effect a demurrer. As was held in State ex rel. Davis v. Rogers, 79 Mo. 283, the proper method, where the plaintiff desires to reach new matter in defendant's answer claimed to constitute no defense to the action, is to demurrer to the new matter or move to strike it out. [See Paxon v. Talmage, 87 Mo. 13; Houston v. Lane, 39 Mo. 495; Phillips v. Evans, 38 Mo. 305.]

Paragraph two of defendant's answer must be viewed in light of the rule that where a foreign statute, or the statute of another State is relied upon as giving, conferring or constituting a cause of action or a defense, it must be substantially stated with such distinctness that the court may judge its effect. It has repeatedly been held that not only must the law in such cases be pleaded, but the facts which constitute its violation must also be stated. While the courts of this State take judicial notice of their own laws, they cannot take judicial notice of the existence of statutes in other states or countries. [Gibson v. Ry. Co., 225 Mo. 473, 125 S. W. 453, Mallinckrodt v. Nemnich, 169 Mo. loc. cit. 379, 69 S. W. 355; Mc-Donald v. Life Assurance Co., 154 Mo. 618, 55 S. W. 999.]

In Gibson v. Ry. Co., supra, our Supreme Court quotes the following with approval from Carey v. Ry. Co., 5 Iowa, 357, loc. cit. 364:

"The general reference in the bill, to the laws of the State of Indiana, is not sufficient. If complainant would rely upon the fact that the Cincinnati, New Castle and Michigan Railroad Company had failed to organize according to the laws of that State; or that it had conducted in such a manner, as that under and by virtue of those laws, it had forfeited its charter, or ceased to have a corporate existence—the particular statute or statutes relied upon should be set out, that the courts of this State may be able to judge of their provisions, and of the duties thereunder devolving upon this company. Our courts do not take judicial notice of the statutes

of another State.  And if a party relies upon such statutes, he must set them out—plead them as he does any other fact, and it will not do to refer to them by their title, and date of approval, nor by stating what in the opinion and judgment of the pleader are their general provisions and requirements.  [Bean v. Briggs, 4 Iowa, 464, and cases there cited; Walker v. Maxwell, 1 Mass. 103; Legg v. Legg, 8 Ib. 99; Collett v. Keith, 2 East 261.]''

Paragraph two of defendant's answer makes but general reference to a Workmen's Compensation Act of the State of Indiana, and does not attempt to state the law specifically.  It contents itself with a statement that the General Assembly of the State of Indiana has enacted a statute known as ''The Indiana Workmen's Compensation Act,'' which at all times in question was and remains in force in the State of Indiana, ''a copy of which said Act is herewith filed and marked defendant's exhibit 'A,' and that the Act and each and every section thereof is hereby made a part of this plea, the same as if specifically pleaded herein.''  The said exhibit ''A'' is not a part of paragraph two of defendant's answer. The general rule in this State so far as we know has not been departed from but that an exhibit attached to a petition is not so far a part of the petition itself as to save the petition from being bad on demurrer, even though, if the petition were aided by the contents of the exhibit, it would be thus rendered good on demurrer instead of bad.  [State ex rel. Fenn v. McQuillin, 256 Mo. 693, 165 S. W. 713; Keator v. Helfenstein Park Realty Co., 231 Mo. 676, 132 S. W. 1114; Hubbards v. Slavens, 218 Mo. 598, 117 S. W. 1104; Hanks v. Hanks, 218 Mo. 670, 117 S. W. 1101; Pomeroy v. Fullerton, 113 Mo. 440, 21 S. W. 19.]  And this is the rule, even though the petition (or answer, as here) states that the exhibit is made a part thereof.  [State ex rel. Fenn v. McQuillin, supra; Pullis v. Somerville, 218 Mo. 624, 117 S. W. 736; Robinson v. Levy, 217 Mo. 498, 117 S. W. 577; Kerns v. Ins. Co., 40 Mo. loc. cit. 25; State to use v. Samuels, 28 Mo. App. 649.]  Upon the trial court's ruling sustaining plaintiff's motion to strike out paragraph two of defendant's answer under section 1250, Revised Statutes of Missouri, 1919, the defendant, had it been so advised, could have filed a further like pleading within such time as the court may have allowed.

In light of the record before us, upon the authority of the cases hereinabove cited, we must rule that the action of the circuit court in sustaining plaintiff's motion to strike out the second paragraph of defendant's answer was proper, and that the judgment for that reason should be affirmed.  It is so ordered.  *Daues, P. J.*, and *Nipper, J.*, concur.