FLORENCE KEENA, APPELLANT, v. JOHN R. KEENA, JR., RESPONDENT.*
10 S. W. (2d) 344.

St. Louis Court of Appeals. Opinion filed November 6, 1928.

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, section 3001, p. 1018, n. 61; Divorce, 19CJ, section 572, p. 248, n. 26; section 841, p. 374, n. 18; Evidence, 22CJ, section 87, p. 154, n. 6; Judgments, 34CJ, section 1634, p. 1153, n. 77; Statutes, 36Cyc, p. 1240, n. 81; p. 1241, n. 86.

*Henry H. Oberschelp* for appellant.

*Ralph & Baxter* for respondent.

BENNICK, C.—This is a suit in two counts, the first, to have a decree of divorce, granted by the superior court of Cook county, Illinois, declared invalid; and, the second, for separate maintenance. The finding and judgment of the trial court was for defendant on each count of the petition; and an appeal was allowed plaintiff to the Supreme Court, evidently upon the theory that a constitutional question was involved. That court, however, found that the constitutional question had not been preserved for appellate review; and, holding that the cause was one within our jurisdiction, ordered that it be transferred here. [Keena v. Keena (Mo. Sup.), 3 S. W. (2d) 352.]

The issues will be clarified at the outset if we state that plaintiff and defendant were united in marriage in 1898, in the city of St. Louis, where they maintained their matrimonial domicile until October, 1908, when they mutually agreed upon a separation, and made an equal division of the proceeds of their personal effects. After the separation, defendant remained in the city of St. Louis, for four years, or until 1912, when he became a resident of Chicago, Illinois, and so continued until 1921. On September 30, 1919, he instituted a suit for divorce from plaintiff herein, in the superior court of Cook county, Illinois, of which suit she was not advised, and obtained a decree in February, 1920. Subsequently, he was married to another woman; and, in September, 1921, he returned to Missouri, bringing with him his second wife, and taking up his residence in St. Louis county. In this connection it is pertinent to add that the learned trial judge found that defendant's acquisition of a residence in Chicago was made in good faith, and not for the purpose of obtaining a divorce.

In his petition for divorce, filed in Illinois, it appears that defendant pleaded that his wife had deserted him without any reasonable cause; and, in connection with his suit, he made affidavit that plaintiff had gone out of Illinois, and on due inquiry could not be found, so that process could not be served upon her; that, upon due and diligent inquiry, her place of residence could not be ascertained; and that her last-known place of residence was "1621 Broadway Street," St. Louis, Missouri. Thereafter, a certificate of publication was filed in the cause; and, on October 7, 1919, the clerk of the court sent one of such notices by mail to plaintiff, at "1621 Broadway Street," St. Louis, Missouri, which was undelivered, and was returned unopened. An order of default was thereupon entered; and, after a hearing, the decree of divorce was rendered on February 17, 1920, as has been heretofore disclosed.

It seems to be undisputed that plaintiff had never resided in, nor had gone out of, the State of Illinois, nor had she lived at 1621 Broadway, or 1621 South Broadway, in St. Louis, since her marriage to defendant. The lower court found that defendant had failed to make diligent inquiry as to plaintiff's place of residence, which he could

easily have made of his mother or daughter, and that his affidavit and testimony were untrue in these respects, and were likely, and probably were intended, to deceive the court, in order that he might procure a divorce without notice to his wife.

In the first count of her amended petition, seeking to have the Illinois divorce declared invalid, plaintiff alleged, in substance, that defendant had fraudulently left this jurisdiction for the purpose of avoiding his matrimonial obligations; that the averments in his petition, as well as in his affidavit, were each and all false and untrue, as was the testimony offered at the trial; and that the decree of divorce thus obtained was procured by him by his fraud, and was a fraud upon the court, and upon her, the other party thereto. Therewith she attempted to plead the statutes of Illinois applicable to divorce suits, all of which were stricken out by the court, together with certain other allegations, on motion of defendant, as having been improperly pleaded in form and manner.

Her prayer was that the said alleged decree of divorce, rendered by the superior court of Cook county, Illinois, and all the proceedings therein, be declared fraudulent, null, and void, and be vacated, set aside, and for naught held; that she be declared to be still the legal wife of defendant, and entitled to all her marital rights as such; and that the court make an allowance to her for attorney's fees, and for other expenses in her behalf expended.

The second count, praying the court to order and adjudge to her such support and maintenance as should seem just and proper, was drawn in the usual form, and is not largely at issue on this appeal.

The record recites that, after the court had sustained defendant's motion to strike out the alleged objectionable portions of the first count of plaintiff's petition, she duly excepted to the ruling, and preserved her exception by a term bill of exceptions, which was allowed, signed, and filed. No further amendment to the petition was made by her, however; and defendant's answer was thereupon filed, consisting of a general denial, coupled with a plea of laches, save for the admission therein of the fact of his marriage to plaintiff, and the rendition of the decree of divorce in Illinois.

The first point urged by plaintiff for our consideration is that the court erred in striking out those portions of the first count of her amended petition in which she attempted to plead the statutes of Illinois, applicable to the institution and trial of divorce suits in that State. It is obvious that the necessity for reasonable brevity of opinion precludes our stating the situation in the manner that we would otherwise wish, since the first count of the petition alone, together with defendant's motion to strike, cover some twenty-two pages in the typewritten abstract of the record which we have permitted to be filed. Consequently, it must suffice to say that we have examined

the petition thoroughly, in the light of the court's ruling, and cannot say that error was committed.

The fundamental rule is that, where, as here, statutes of a sister State are relied on as the basis of a cause of action, they must be pleaded with such distinctness that the court may determine their effect, and the facts which constitute their violation must also be pleaded. [Wentz v. Chicago, B. & Q. R. Co., 259 Mo. 450, 168 S. W. 1166; Gibson v. Chicago G. W. Ry. Co., 225 Mo. 473, 125 S. W. 453; Scott v. Vincennes Bridge Co., 220 Mo. App. 1213, 299 S. W. 145; St. Louis Union Trust Co. v. Universal Glass Co., 220 Mo. App. 1205, 299 S. W. 132.] In other words, the fact that it is foreign statutes which are to be pleaded, will afford no relaxation from the usual rules requiring a plain and concise statement in the petition, without unnecessary repetition, of the basic allegations constituting the cause of action. In this instance the lower court expressly found that the statutes of Illinois as to jurisdictional requirements in divorce suits were pleaded by plaintiff's counsel in the form, and as a part, of a legal argument, rather than as a statement of facts, and for such reason ordered the objectionable allegation stricken from the petition. In so holding, we are of the opinion that the court was entirely correct; and the fact that counsel saw fit to go to trial without any further amendment of his petition, is a matter for which he, and he alone. is to be charged with responsibility.

Plaintiff next insists that the court erred, during the course of the trial, in excluding Illinois statutes and the decisions of Illinois Appellate Courts, offered in evidence by her. We think the conclusion is unavoidable that the court again ruled properly under the existing circumstances. It has repeatedly been held that, where the cause of action rests upon the laws of another State, and the same are not merely an evidential part of the cause of action, they must be both pleaded and proved. [Rashall v. St. Louis, I. M. & S. Ry. Co., 249 Mo. 509, 155 S. W. 426: Lee v. Mo. Pac. Ry. Co., 195 Mo. 400, 92 S. W. 614: Fidelity Loan Securities Co. v. Moore: 280 Mo. 315, 217 S. W. 286: Severson v. Dickinson, 216 Mo. App. 572, 259 S. W. 518.] Consequently. since plaintiff chose to go to trial upon a petition in which the statutes in controversy were not pleaded, and since the same were the basis of her cause of action. so far as concerned proof of want of jurisdiction in the Illinois court to render the divorce decree, they were inadmissible in evidence, and were properly excluded by the court, as were also the decisions of the courts of that State construing such statutes.

The next point has to do with the refusal of the court to permit plaintiff's attorney to read portions of the deposition of defendant, tending to show that it would have been possible for defendant to have ascertained plaintiff's correct address while his divorce suit was pending in Chicago. This contention must likewise be disallowed. Even

though it should be conceded that such proffered evidence was competent, its exclusion was, nevertheless, harmless, since the identical evidence was subsequently brought to the attention of the court upon the cross-examination of defendant himself. [Gilchrist v. Kansas City Rys. Co. (Mo. Sup.), 254 S. W. 161; Bryson v. Baum (Mo. Sup.), 278 S. W. 412; Elstroth v. Karrenbrock (Mo. App.), 285 S. W. 525; Bishop v. Musick Plating Works (Mo. App.), 3 S. W. (2d.) 256.]

We now come squarely to the principal point in the case, namely, whether the judgment of the court for defendant on the first count of the petition was proper; or whether, to the contrary, the proceedings and decree of the superior court of Cook county, Illinois, should have been vacated as fraudulent, and for naught held and esteemed.

To begin with, it will be well to state that, while we are not compelled by reason of the full faith and credit clause of the Federal Constitution to recognize as valid a divorce decree of another State, rendered on constructive service, where the defendant therein never had a matrimonial domicile in that State (Haddock v. Haddock, 201 U. S. 562, 26 S. Ct. 525, 50 L. Ed. 867; Howard v. Strode, 242 Mo. 210, 146 S. W. 792; Howey v. Howey (Mo. Sup.), 240 S. W. 450), it has consistently been our policy to do so, in the absence of clear, strong, and cogent proof of fraud and collusion in the very procurement of the judgment. [Gould v. Crow, 57 Mo. 200; Anthony v. Rice, 110 Mo. 223, 19 S. W. 423; Howard v. Strode, supra.]

Furthermore, the fraud for which a judgment of another State may be directly attacked, as in this proceeding, is fraud entering into its very concoction and procurement, which does not include false swearing at the trial. [Howey v. Howey, supra; Lieber v. Lieber, 239 Mo. 1, 143 S. W. 458.]

In determining whether fraud of the requisite nature was shown in the case at bar, we are mindful that the lower court found, as also do we, that defendant's acquisition of a residence in Illinois was made in good faith, and not for the purpose of obtaining a divorce. As a matter of fact, there is no dispute that he continued to reside in such State for nine years before his suit for divorce was even instituted.

Now, the sole fraud relied upon by plaintiff, when the alleged false testimony given at the hearing is excluded, as it must be, is the making of the false affidavit by defendant, in regard to the residence of plaintiff, and his diligence in inquiring into the same. The trouble with plaintiff's contention, however, is, as the lower court tersely held, that there was no pleading, and consequently no proof, as to the Illinois statutes requiring the making of such affidavit, and the sending of notice by mail to the nonresident based thereon. In the absence of such proof, we are unadvised as to the effect of such false affidavit, even if fraudulently made; that is, as to whether the averments therein were material inducements to the Illinois court, without which it would not have acted in the case. Unless an affidavit of

the kind made was required by the laws of our sister State, we cannot conclude that the court was bound to consider, or did consider and rely upon, the same in determining the question of its jurisdiction over the cause. Neither the affidavit as to residence, nor the notice by mail based upon the same, relied upon by plaintiff as disclosing fraud in obtaining jurisdiction, are required by our own laws; and, in the absence of proof to the contrary, we cannot presume that any such requirement existed under the laws of Illinois. Consequently, with fraud not shown in the concoction or procurement of the judgment sought to be vacated, it follows that the same, under our policy, must be treated as conclusive, and must be accorded the same force and effect as though it were a judgment of a domestic court having jurisdiction of the suit. We hold, therefore, that the judgment of the lower court for defendant on the first count of the petition was proper.

Passing to the second count, that for separate maintenance, it will be enough to say that, in view of the finding for defendant under the first count, plaintiff was not, and is not now, entitled to relief under the second count, so that judgment for defendant on such second count must go as a matter of course.

By reason of the conclusions reached herein, it follows that the judgment rendered by the circuit court should be affirmed. The Commissioner so recommends.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. The judgment of the circuit court is, accordingly, affirmed. *Daues, P. J.,* and *Becker* and *Nipper, JJ.,* concur.