Stanley N. GLICK, Respondent,

v.

Judith GLICK, Appellant.

No. 49852.

Supreme Court of Missouri,

Division No. 2.

Nov. 11, 1963.

Motion for Rehearing or to Transfer to Court En Banc Denied Dec. 9, 1963.

Moss H. Silverforb, Kansas City, and Robert A. McIlrath, Flat River, for appellant.

Roberts & Roberts, by J. Richard Roberts, Farmington, for respondent.

BARRETT, Commissioner.

This is an appeal from an order dismissing a motion to vacate a judgment (RSMo 1959, Sec. 511.250, V.A.M.S., Sup.Ct. Rule 74.32, V.A.M.R.) and is a continuation of the divorce litigation between Stanley N. and Judith Glick. Glick v. Glick, (Mo. App.) 336 S.W.2d 528; Glick v. Glick, (Mo. App.) 360 S.W.2d 333. As gathered from a transcript "approved as to accuracy" by counsel for the parties, the facts in so far as necessary to a disposition of this appeal are these: In July 1958, Stanley N. Glick instituted an action for divorce, alleging general indignities. His wife Judith filed

what she denominated a "Cross-Petition for Separate Maintenance" which was in effect a general denial of the plaintiff's petition, a cross bill for divorce (RSMo 1959, Sec. 452.020) including a prayer for custody and child support of a minor child Corwin Dennis Glick, age 4, and in this language a prayer for what she now denominates "separate maintenance," "and that said plaintiff be ordered to pay defendant such reasonable sum each month as alimony and for her support and maintenance as will enable her to live according to the standard of living heretofore set for defendant by the plaintiff, and for an equitable division of funds and property between defendant and plaintiff." Other than the petition, cross-petition, decree and a motion the proceedings in the divorce action are not set forth in the transcript. But it appears from the decree dated either May 17 or June 14, 1961, that the plaintiff husband was found to be the innocent and injured party and was therefore awarded a divorce. The defendant wife was awarded custody of Corwin Dennis and it was decreed that plaintiff pay monthly child support of $175. On June 26, 1961, the defendant wife filed a "Motion to Set Aside Decree of Divorce Granted to Plaintiff and to Render a Decree of Separate Maintenance for the Defendant under The Evidence or, Alternatively, For a New Trial." In this motion the gist of Mrs. Glick's complaint was that the trial court had failed and refused to rule on or mention in its divorce decree her "Cross-Petition for Separate Maintenance" and it was asserted "as a result thereby the decree on its face is void." This motion was overruled and, evidently, the defendant appealed to the St. Louis Court of Appeals because the next matter appearing in this transcript is a copy of that court's opinion and mandate in September 1962, 360 S.W.2d 333, dismissing Mrs. Glick's appeal because her brief did not meet the requirements of rules 83.05 and 83.09.

Thereafter, according to this transcript, on October 18, 1962, Mrs. Glick filed, purportedly under Sec. 511.250 or rule 74.32, a motion to vacate and set aside the 1961 divorce decree. In that motion she set out the decree, alleged in detail the facts of her motion in June 1961 to set the decree aside, particularly because of the court's failure to dispose of her cross-petition for separate maintenance, and, as far as material here alleged that the original divorce decree was irregular and void. Specifically, "That by reason of said void judgment entered, defendant has been deprived of her civil and constitutional rights so granted to her, under the due process clause of Amendment 14, Section 1, Constitution of the United States of America, and Article 5, Section 10 of the Constitution of the State of Missouri, V.A.M.S., and that defendant is now being threatened with being deprived of her rights by this void judgment." Included in the transcript are fifteen typewritten pages purportedly relating to the hearing of defendant's motion. As a matter of fact these pages consist entirely of a colloquy between the court, counsel for plaintiff and counsel for defendant. In any event, the court entered an order overruling the motion to vacate the judgment and Mrs. Glick has appealed from that order.

In this court it is again asserted that the 1961 divorce decree to her husband failed to dispose of all the issues, her cross-petition for separate maintenance, and was therefore "void on its face" and, being void has deprived her of due process under the state and federal constitutions.

■ Upon this record and recitation of facts the obviously doubtful problem is whether, conclusions aside, it affirmatively appears that the appeal involves a substantial question concerning "the construction" (Const.Mo.1959, Art. 5, Sec. 3) of the state or federal constitution for the purposes of this court's appellate jurisdiction. Vogel v. Vogel (Mo.App.) 333 S.W.2d 306; Swenson v. Swenson, (Mo.) 299 S.W.2d 523; Baker v. Baker, (Mo.App.) 274 S.W. 2d 322, all cases dealing with some phase of divorce. As a matter of fact, the reso-

lution of this vexatious problem necessarily results in a disposition of the appeal on its merits. "The effect of this pleading is to aver that the judgment (also in divorce) of the Iowa court upon service by publication was void, because violative of the constitutional provisions, both state and federal, therein specifically named. Whether there is merit in the question raised is for us to determine, but, being timely raised it is sufficient to give us jurisdiction." Hanks v. Hanks, 218 Mo. 670, 673–674, 117 S.W. 1101, 1102.

A judgment to be "final" (RS Mo 1959, Sec. 511.020) and therefore appealable must of course dispose of all issues. Green v. Green, (Mo.App.) 240 S. W.2d 741. But as illustrated by the Green case, the penalty of appealing a judgment that is not final in that it does not dispose of all issues—as in granting a divorce but failing to dispose of the custody of minor children—is dismissal of the appeal. The rendition of a premature judgment is an irregularity and may be set aside on motion under Sec. 511.250, but it is not void (Chenoweth v. La Master (Mo.App.) 342 S.W.2d 500, Liepman v. Rothschild, 216 Mo.App. 251, 262 S.W. 685), and that is the fundamental fallacy in the appellant's basic contention. The policy against piecemeal appeals applies to the various issues involved in divorce actions. There as in other actions there should be separate findings on the plaintiff's cause of action and on the defendant's counterclaim and finally of course a judgment disposing of all issues. There is however another facet to this generalization, if the judgment by implication necessarily carries with it a finding upon the counterclaim it will be sustained as final even though the counterclaim is not mentioned. McNabb v. Payne, (Mo.App.) 280 S.W.2d 864; Staples v. Dent, (Mo.App.) 220 S.W.2d 791, City of St. Louis ex rel. and to Use of Sears v. Clark, (Mo.App.) 35 S.W.2d 986; 49 C.J.S. Judgments § 43, p. 101.

Mrs. Glick's claim here is not an independent civil suit for separate maintenance apart from the divorce statutes, and the appeal does not involve the power of courts to entertain such a proceeding (Annotation, 10 A.L.R.2d 466, 471), and it is not a statutory claim for support based on abandonment. RSMo 1959, Sec. 452.130; Luckett v. Luckett, (Mo.App.) 263 S.W.2d 41. The counterclaim asserted here is for separate maintenance as an incident to a divorce action, particularly Sec. 452.070. And in divorce actions "the guilty party shall forfeit all rights and claims under and by virtue of the marriage." RSMo 1959, § 452.090. Even so it is not necessary to a disposition of this appeal to consider the effect of the wife's misconduct on her right to alimony (Annotation, 9 A.L.R.2d 1026; Keena v. Keena, 222 Mo.App. 825, 10 S.W. 2d 344), or whether in the absence of statute there may be an allowance of alimony to a wife against whom a divorce is decreed. Annotation, 34 A.L.R.2d 313.

Neither in this connection is it necessary to consider the rationale of the general rule in this jurisdiction, to illustrate that the judgment necessarily disposed of the counterclaim it is sufficient to say that "a wife, in a proceeding for separate maintenance, cannot prevail unless she proves facts such as would entitle her to a divorce if that was the relief she was seeking." Meredith v. Meredith, (Mo.App.) 166 S.W. 2d 221, 223; Willis v. Willis, (Mo.App.) 274 S.W.2d 621; McDougal v. McDougal, (Mo.App.) 279 S.W.2d 731; Annotation, 34 A.L.R.2d 1. c. 333, and coincidentally Glick v. Glick, 226 Mo.App. 271, 41 S.W.2d 624. As indicated, the present force and significance of this generalization is that the 1961 decree awarding Mr. Glick a divorce by necessary implication disposed of Mrs. Glick's counterclaim for separate maintenance even though not mentioned in the final judgment. Annotation, 43 A.L.R.2d 1387, 1394, subject "Domestic divorce decree without adjudication as to alimony, rendered on personal service or equivalent, as precluding later alimony award." And finally the inferential force of the divorce decree is that it leaves no basis in fact for

**916**

Mrs. Glick's present motion and appeal and therefore the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.